MARY HANLON, Respondent, *v.* UNION BANK OF MEDINA, Appellant.

**Debtor and creditor — principal and surety — subrogation — surety who pays portion of indebtedness for which mortgage is held as collateral before receipt of proceeds of collateral not entitled to part thereof — may insist on subrogation to creditor's title to collateral only on paying entire indebtedness.**

A surety who has already paid a portion of a total indebtedness, for which a mortgage is held as collateral, before the proceeds of the collateral is received, may not claim a portion thereof. At most she may, on paying the entire indebtedness, insist that she be subrogated to the creditor's title to the collateral mortgage. She cannot demand any *pro rata* or partial subrogation.

*Hanlon* v. *Union Bank of Medina,* 221 App. Div. 788, reversed.

(Argued January 18, 1928; decided February 14, 1928.) .

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 14, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

*Simon Fleischmann* and *Harry Cooper* for appellant. The principles of subrogation were not applicable to the facts found by the trial court and were not available to plaintiff. (*Wanamaker* v. *Powers,* 102 App. Div. 485; 186 N. Y. 562; *White* v. *Costigan,* 138 Cal. 564; *Halstead* v. *Griefen,* 173 Ill. App. 551; *Jackson* v. *Bailey,* 12 Ill. 159; *Chapman* v. *Com.,* 25 Gratt. 721; *Am. Surety Co.* v. *Farmer,* 240 N. Y. 63; Sheldon on Subrogation [2d ed.], 191, § 127; *McGrath* v. *Carnegie Trust Co.,* 221 N. Y. 92; *U. S.* v. *National Co.,* 254 U. S. 73; *Peoples* v. *Peoples,* 254, Fed. Rep. 489; *U. S. F. & G. Co.* v. *Union Bank,* 228 Fed. Rep. 448; *Maryland Co.* v. *Fouts,* 11 Fed. [2d] 71; *Buffalo G. Ins.* v. *Title Co.,* 51 Misc. Rep. 267; 115 App. Div. 920; *Jones* v. *Benedict,* 83 N. Y. 79; *Hard-*

*ing* v. *Tift*, 75 N. Y. 461; *Rothschild* v. *Title Guaranty Co.*, 204 N. Y. 458; *Krantz Mfg. Co.* v. *Gould Storage Battery Co.*, 83 App. Div. 133.)

*William H. Munson* for respondent. The plaintiff, having paid the note in question, became entitled to be subrogated to all the security and all the rights that the defendant had, and was entitled to share *pro rata* in the proceeds of such security. (*Morehouse* v. *Brooklyn Heights R. R. Co.*, 185 N. Y. 520; *Dunlop* v. *James*, 174 N. Y. 411; *Mansfield* v. *N. Y.*, 165 N. Y. 208; *Lewis* v. *Palmer*, 28 N. Y. 271; *Lockhaven State Bank* v. *Smith*, 155 N. Y. 185; *Sternbach* v. *Friedman*, 34 App. Div. 534; *Aker* v. *Hotchkiss*, 97 N. Y. 396.)

ANDREWS, J. In December, 1925, the Union Bank of Medina held some eleven notes aggregating more than $21,000 of Francis E. Hanlon, some of which were indorsed by others. Among them was one payable on demand for $3,500 made by the plaintiff and Hanlon and indorsed by one Walsh. Of this note the plaintiff was an accommodation maker as the bank knew. It also held a mortgage for $14,000 given by Hanlon as continuing collateral security to secure his past and future indebtedness.

During that month Hanlon became a bankrupt. The bank then recovered a judgment against the plaintiff for the face of the $3,500 and issued execution. The judgment was paid and the note delivered to her. Thereafter the bank might enforce no claim against Hanlon or the indorser. It held its collateral as security for the balance of the indebtedness.

As for the plaintiff she might doubtless, on paying this entire indebtedness, insist that she be subrogated to the bank's title to the collateral mortgage. Clearly this was the extent of her rights. She could not demand any *pro rata* or partial subrogation. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92.)

Later, in recognition of its claim to the collateral security the receiver in bankruptcy turned over to the bank $14,000. It is said this was not a voluntary payment made by the debtor but one made in the course of a judicial proceeding. Very possibly this may be true. At all events, we shall so assume for the purposes of this case. Then the application of this payment is made by the courts. How this should be done is described in *Orleans Co. Nat. Bank* v. *Moore* (112 N. Y. 543). With the application of this $14,000 when paid, actually made by the bank upon the various notes held by it, we are not here concerned. We have only to determine whether a surety who has already paid and satisfied a portion of the total indebtedness for which the mortgage was held as collateral, a month or a year or an indefinite time before the proceeds of the collateral is received, may claim a portion of these proceeds. And this, where the entire proceeds are insufficient to satisfy the existing indebtedness.

That it may be done is the conclusion reached in the courts below. This we think a mistake. The collateral was taken to protect the bank, not others. Its interests are primarily to be preserved. Existing indebtedness which the collateral protects is first to be paid. If insufficient in amount for that purpose some rules may exist as to the way in which it should be credited. It is only when the bank has been reimbursed in full that a surety who has paid a part of the secured indebtedness has any conceivable equitable interest in the surplus. To hold otherwise would largely disrupt usual banking practice and the banking custom of securing loans or advances by the taking of collateral. If as suggested when such collateral on foreclosure is found insufficient for its purpose any surety who had previously paid one of many notes supposed to be secured by it might claim a part of the proceeds, then reliance upon " continuing collateral security " is vain. No banker, depending on such security, might safely discount new notes when

the old are paid. At least unindorsed notes would be preferable.

Neither law nor equity require such a conclusion. The very most to which the plaintiff might be entitled would be a right to the $14,000 upon the payment by her to the bank of the entire Hanlon indebtedness. Even then she may under the circumstances disclosed in this record be too late. As to that we express no opinion.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.