GUSSIE LICHTENSTEIN et al., Plaintiffs, v. GROSSMAN CONSTRUCTION CORPORATION et al., Defendants.

GLOBE TILE CO., INC., et al., Appellants and Respondents; SAMUEL MALEFSKY et al., Copartners, under the Firm Name of S. MALEFSKY & SON et al., Respondents and Appellants.

**Liens — surplus money proceedings — labor and materials going into two buildings only one of which produced surplus on foreclosure of mortgage — apportionment between lienors.**

1. Where both the debtor and creditor have failed to direct the application of a payment it is the duty of the court to apply it according to equitable principles. A referee in surplus money proceedings, therefore, who has made an apportionment of the labor and materials that went into two buildings, only one of which had produced a surplus

on foreclosure of a mortgage, should have also apportioned the credits in like proportion.

2. Mechanics' liens filed against more than one building in the process of erection must be apportioned under section 13 of the Lien Law according to the work and materials going into each building.

*Lichtenstein* v. *Grossman Construction Co.*, 221 App. Div. 527, modified.

(Argued May 29, 1928; decided June 5, 1928.)

CROSS-APPEALS, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 28, 1927, which modified and affirmed as modified an order of the City Court of the city of New York confirming the report of a referee in surplus money proceedings.

*Herman G. Bachrach* and *Clarence G. Bachrach* for Globe Tile Co., Inc., et al., appellants and respondents. The labor and material of the claimants, Globe Tile Co., Inc., and Grand Marble Works, Inc., were furnished under entire contracts and give rise to mechanics' liens covering all of the property improved. (Clark on New York Law of Contracts, § 861; *Ming* v. *Corbin*, 142 N. Y. 334; *Moran* v. *Chase*, 52 N. Y. 346; *Lyon* v. *Logan*, 68 Tex. 521; *Deegan* v. *Kilpatrick*, 54 App. Div. 371; *Paine* v. *Bonney*, 4 E. D. Smith, 734; *Livingston* v. *Miller*, 16 Abb. Pr. 371; *Farmers L. & T. Co.* v. *Winthrop*, 238 N. Y. 477; *Giant Portland Cement Co.* v. *State of New York*, 232 N. Y. 395.) There is due to Globe Tile Co., Inc., the sum of $2,701, with interest from March 11, 1925, and to Grand Marble Works, Inc., the sum of $1,000, with interest from January 13, 1925, which sums are payable out of the surplus after the payment of the referee's fees.

*Samuel A. Morrison* for S. Malefsky & Son, respondents and appellants. A mechanic's lien covering two buildings, when cut off as to one, is a lien on the remaining building to the extent only of the value of the labor and

material that went into that building. (*Schaghticoke Powder Co.* v. *Greenwich & J. Ry. Co.*, 183 N. Y. 360; *Whritenour Co.* v. *Colonial Homes Co.*, 209 App. Div. 676; *Hunter* v. *Blanchard*, 18 Ill. 318; *Foster* v. *Cox*, 123 Mass. 45; *Stevens* v. *Inhabitants of Lincoln*, 114 Mass. 476; *Albro* v. *Blume*, 5 App. Div. 309; *Davison* v. *MacDonald*, 124 Misc. Rep. 726.)  As among mechanic's lienors, each complete building and the real property upon which it stands, is the unit to which the liens attach. (*Livingston* v. *Miller*, 16 Abb. Pr. 371; *Burchell* v. *Osborne*, 119 N. Y. 486; *Davison* v. *MacDonald*, 124 Misc. Rep. 726.)

*Bertram Sommer* for J. Rose & Co., respondent and appellant.  A materialman who furnishes material for the improvement of real property with the consent of the owner thereof, has a lien for the principal and interest of the value or the agreed price of such materials upon the whole of the real property improved, or to be improved, and upon such improvement.  (*Giant Portland Cement Co.* v. *State of New York*, 232 N. Y. 395; *Upson* v. *United Engineering & Contracting Co.*, 72 Misc. Rep. 541; *Sears* v. *Wise*, 52 App. Div. 118; *Dempsey* v. *Mt. Sinai Hospital*, 186 App. Div. 334.)  The foreclosure and loss of part of the property affected by the lien did not diminish the claim of this lienor as against the balance of the property covered by said lien.  (*Hall* v. *Sheehan*, 69 N. Y. 618; *Moran* v. *Chase*, 52 N. Y. 346; *Livingston* v. *Mildrum*, 19 N. Y. 440; *Livingston* v. *Miller*, 16 Abb. Pr. 631; *Palmer* v. *Van Santvoord*, 153 N. Y. 612; *Allen* v. *Stevens*, 161 N. Y. 122; *People* v. *Angle*, 109 N. Y. 564; *Rochester* v. *Coe*, 25 App. Div. 300; *Binninger* v. *New York*, 80 App. Div. 300.)

*Per Curiam.*  We agree with the Appellate Division that section 13 of the Lien Law (Cons. Laws, ch. 33) applies to these liens and that they are valid to the amount of the

labor and material put into each building. The apportionment as made by the referee has been properly affirmed except in one particular. The Globe Tile Co., Inc., furnished labor and material for both buildings in the amount of $9,201. There has been paid to it $6,500, leaving a balance unpaid of $2,701. All of this unpaid balance cannot be charged up against the corner building which has produced a surplus in mortgage foreclosure proceedings sufficient to pay the mechanics' liens in part. The lien of the Globe Tile Co., Inc., therefore, with the other liens which have been filed against both buildings must be limited to the amount of labor and material put into the corner building.

The referee found that amount to be $5,321 which left $3,880 going into the inner or other building. The payment of $6,500, however, he divided equally between the two buildings, deducting from $5,321, $3,250 and thus arriving at his figure of $2,071, which he found to be the amount of the lien of the Globe Tile Co., Inc., on the corner building payable out of the surplus.

Having made an apportionment of the amount of the labor and material as added to each building he also should have apportioned the credits in like proportion. This is the rule in equity. Where both the debtor and creditor have failed to direct the application of a payment it is the duty of the court to apply it according to equitable principles (*Orleans Co. Nat. Bank* v. *Moore,* 112 N. Y. 543; *Field* v. *Holland,* 10 U. S. [6 Cranch] 7, at page 28; *Union School District of Guilford* v. *Bishop,* 76 Conn. 695; *Robie* v. *Briggs,* 59 Vt. 443.)

The $6,500 payment, therefore, should be applied in the proportion which $3,880, the amount going into one building, bears to $5,321, the amount going into the corner building, which is as $2,741 to $3,759. This means that the amount of the payment to be applied on the lien of the corner house is this larger amount of $3,759. Deducting this from the amount of the lien, $5,321, as found

by the referee, leaves a balance due to the Globe Tile Co., Inc., of $1,562, instead of $2,071 found by the referee.

The order of the Appellate Division should, therefore, be modified by fixing the lien of the Globe Tile Co., Inc., at this amount of $1,562 with interest, and as thus modified affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.