GIOVANNI DI SILVESTRO, as President of LOGGIA SUPREMA ORDINE FIGLI D'ITALIA IN AMERICA, an Unincorporated Association, and Others, Respondents, v. SONS OF ITALY GRAND LODGE, and Others, Appellants, Impleaded with ANGELO MARSICO, and Others, Defendants.

Fourth Department, January 8, 1930.

*Philip Bongiorno* [*Clayton R. Lusk* and *John Knight* with him on the brief], for the appellants.

*Harold B. Elgar*, for the respondents.

SEARS, P. J. The judgment in this action, so far as material upon this appeal, contains the following provisions, in substance: The Order of Sons of Italy in America is a national fraternal order of which the grand lodge and district lodges in the various States are component parts and subject to the general supervision and control of a supreme lodge or governing body designated as a supreme lodge and a supreme council in which bodies alone rest the authority for the organization of a new lodge. This authority must be issued by the supreme council which alone has power under the constitution to grant charters to all lodges of the order. The grand lodge of the State of New York has and had no right to secede from the national order against the protest of individual members or constituent district lodges, and the grand lodge of the State of New York is still a subordinate lodge of the national order and subject to the constitution and legal by-laws of the supreme lodge. The grand lodge of the State of New York was instituted and organized under and pursuant to the constitution and general laws of the order, and at no time since its creation has it been an independent entity, and the corporation defendant organized by chapter 217 of the Laws of 1923 of the State of New

York is the grand lodge of the order for the State of New York, and as such grand lodge is an integral part of the order and subject to its laws. Such grand lodge did not by virtue of the statute mentioned become an independent corporation, but all rights which accrued to the grand lodge under and by virtue of the legislative act are subject and subordinate to the contractual rights and duties arising out of its relationship as an integral part of the order, and are subject to the duties prescribed in the constitution of the order. Subdivision 9 of section 1 of chapter 217 of the Laws of 1923 of the State of New York is unconstitutional and conferred no power upon the grand lodge to sever relations with the nationa order or its supreme lodge. A certain convention of the delegates of the grand lodge held in New York city in 1925 was unauthorized, illegal and of no effect because illegally called to be held in New York city, and the elections held at such convention were invalid. There was no legal quorum at the convention called to be held in Schenectady in 1925. The members of the grand council and the officers of the consolidated mortuary fund in office before the times of holding the conventions in New York city and in Schenectady in 1925 are continued in office until their successors have been properly chosen as therein provided, but acts of members of the grand council and of the officers of the consolidated mortuary fund purporting to have been chosen either at the Schenectady or the New York city conventions in 1925, so far as said acts are legal and within the constitution and laws of the order should be recognized as *de facto* legal acts. The judgment then continues so as to direct the grand council to call a convention of the grand lodge for the purpose of electing members of the grand council, officers of the consolidated mortuary fund and supreme delegates, and to make provision for the manner of calling the convention and electing delegates thereto.

It is the claim of the appellants that substantially all of the affirmative provisions of the judgment are erroneous and that the complaint should have been dismissed. This contention is based upon the allegations of the complaint. The complaint itself is extremely voluminous, covering in the printed record 215 folios in addition to 552 folios of exhibits made a part of the complaint by reference. The defendants assert that the complaint is based solely upon the theory that the corporation Sons of Italy Grand Lodge, Inc., is not a component part of the national order Sons of Italy, but is an independent organization, and that the relief sought by the complaint, based on wrongful acts of the corporation defendant and individuals and unincorporated associations affiliated therewith, is to restrain and enjoin the defendants from acting as

component parts of the national order, and to obtain an accounting for any funds belonging to the national order or its constituent lodges and members of which the defendants have possession and to secure a money judgment for such sums as may be found from the accounting to be owing to the national order or its constituent parts. Such is, in a sense, the theory of the complaint. But the theory is not altogether consistently maintained, for the complaint alleges that after the enactment of chapter 217 of the Laws of 1923, providing for the incorporation of the defendant corporation, a resolution was adopted by the convention held in Yonkers, in December, 1923, against the protest of a substantial minority accepting the charter offered to the grand lodge of the State of New York by the legislative act. To be sure, the complaint alleges that this action was invalid as contrary to the general laws of the order, because of certain provisions of the legislative act. Nevertheless, we have the allegation in the complaint of the acceptance in the grand lodge convention of the charter. The complaint contains a further allegation to the effect that a resolution adopted at a convention alleged to have been illegally held in New York city in 1925 whereby the defendant corporation attempted to secede from the national order was invalid as contrary to the general laws of the order. There are, therefore, allegations in the complaint to the effect that the defendant corporation is still *de jure*, if not *de facto* a component part of the national order. The complaint also contains in addition to the specific demands for relief mentioned above, a prayer for general relief.

When the trial was entered upon before the learned official referee, a broad field of controversy was opened, and among the controverted points was the general relationship between the defendant corporation and the national order, including the status of the so-called consolidated mortuary fund. We think it was within the scope of the litigation as fixed by the pleadings to determine that relationship, and we find no error in the conclusion of the learned official referee to the effect that the defendant corporation is a component part of the national order.

Subdivision 9 of section 1 of the act providing for the incorporation of the grand lodge of New York contains in an enumeration of powers, the following: " To affiliate itself with another body or association, incorporated or unincorporated, as its parent body and to become a lodge or branch of such body in so far as the purpose and objects of such body are consistent with its own purposes and objects; and to discontinue such affiliation and sever connection with such body."

The organization which accepted this charter containing this specification of powers was already bound to the national order by contract obligation. The right of a grand lodge to sever connection with the national order was limited by the general laws of the order. The learned official referee directed judgment to the effect that the subdivision of the statute just quoted was unconstitutional, as impairing the obligations of contracts. We do not so read the language of the statute. We construe that language to be subordinate to contract rights and to provide merely for the exercise of such rights when not in conflict with its contract obligations. While, therefore, we do not deem the subdivision unconstitutional, we are of the opinion that the defendant corporation is subject to the laws of the national order in relation to withdrawals from the order.

The complaint alleges irregularity in the call for the New York city convention of 1925. We find it within the scope of the issues to determine the regularity of that convention as bearing upon the validity of the resolution adopted at that convention purporting to sever the relation between the grand lodge and the national order.

Where the judgment proceeded further and ordered the holding of a new convention and new elections and provided machinery therefor, it went beyond the limits outlined by the pleadings. It may be quite obvious that those elected at the illegally called convention in 1925 are not *de jure* officers, but that the acts of persons bearing the credentials of election at such irregular convention should be recognized as the acts of *de facto* officers when within the general laws of the order. It is certainly obvious too that a new convention and new elections should be held, but we do not find it within the bounds of the litigation as framed by the pleadings to determine these matters or when or how a new convention should be called and held or how delegates thereto should be elected.

The learned official referee was without power to order an extra allowance of costs. The motion should have been made at Special Term if an extra allowance was sought. (Civ. Prac. Act, § 1513; *Ongley* v. *Marcin*, 214 App. Div. 455; *Pinsker* v. *Pinsker*, 44 id. 501.)

The judgment should be modified on the law by striking out sections thereof numbered " 6," " 9," " 10," " 11," " 12," " 13," " 14," the last three lines of " 15," " 16," and by striking out the provision for an extra allowance of $2,000, and reducing the costs to $596.26, and by modifying section " 8 " to read as follows: " The action of the Grand Council of the State of New York in

assuming to change the place for the holding of the 1925 Grand Convention from the City of Schenectady to the Star Casino in the City of New York was unauthorized, illegal and of no effect, and the alleged resolution of secession purporting to have been passed at said Star Casino Convention, is null and void, and said New York or Star Casino meeting was not so constituted that it could legally take any corporate action," and as modified should be affirmed, without costs of this appeal to any party.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment modified on the law and as modified affirmed, without costs of this appeal to either party.