ELMER E. WILSON, Respondent, *v.* LEVELL MOON, Doing Business under the Firm Name and Style of JOHN MOON & SON, and Others, Respondents, Impleaded with COLUMBIA CASUALTY COMPANY, Appellant.

BLOOMINGTON LIMESTONE COMPANY, Respondent, *v.* BOARD OF EDUCATION OF THE CITY OF LOCKPORT, NEW YORK, and Others, Respondents, Impleaded with COLUMBIA CASUALTY COMPANY, Appellant.

Fourth Department, March 14, 1934.

*Stanley H. Montfort,* for the appellant.

*Harry L. Gilrie,* for the respondent Elmer E. Wilson.

*A. Bruce Hopkins,* for the respondent Board of Education, City of Lockport.

*David E. Jeffery,* for the respondents Chester W. Fenno, C. B. Whitmore Company, Jim Wylam, Inc., and Niagara Supply Co., Inc.

*William E. Lockner,* for the respondent L. N. Whissel Lumber Co., Inc.

*Frank Gibbons,* for the respondent Clarence Sand & Gravel Co., Inc.

*Charles R. Whiting,* for the respondent Kalman Steel Company.

*Edward Gram,* for the respondent August Feine & Sons Co., Inc.

*Harry J. Kelly,* for the respondent Bloomington Limestone Company.

*Warner F. Thompson,* for the respondent Ward Brothers.

*Storrs & Storrs,* for the respondent Lockport Lumber Yards, Inc.

*Montford C. Holley,* for the respondents Hanks and Crose & Leary.

*Augustus Morris,* for the respondent Seward A. Sand.

TAYLOR, J. We are dealing with an appeal by defendant Columbia Casualty Company from judgments recovered in two actions for foreclosure of mechanics' liens, the actions having been consolidated and tried as one. The casualty company is surety upon a bond furnished by Le Vell Moon for the faithful performance of a contract for the construction by him of two school buildings for

the board of education of the city of Lockport. An examination of the contract of June 15, 1929, between the board of education and Contractor Moon, the notice served upon Moon and the appellant surety company by the board of education on April 16, 1930, and the agreement of April 25, 1930, between the board and the surety company has convinced us that the Moon contract was not " terminated," *i. e.*, canceled, so that retained percentage moneys and any other moneys not actually earned and due when Moon defaulted could not be paid to creditors of Moon. (*Kelly* v. *Bloomingdale*, 139 N. Y. 343.) The documents mentioned and other evidence in the record show that the original contract — instead of being canceled — was particularly recognized, adopted and completed by the appellant as surety and assignee of Moon — in the place and stead of Moon — under the request and approval of the board of education and with the consent of Moon and that, also with Moon's consent, the balance of the allocated funds ($144,009.37) remaining after Moon stopped working was turned over by the board of education to the surety company, with the exception of $750.80 retained to cover two liens. The amount turned over included $8,871.51 retained percentages.

Appellant claims that it is not liable either to the board of education or to any party to this action because there is no fund to which claims can attach. Defendant board of education, in its answers and by specific concession in its brief, construes this to be an equitable action such as is referred to on page 421 of the opinion in *Johnson Service Co.* v. *Monin, Inc.* (253 N. Y. 417), and assumes the position of a trustee for the laborers and materialmen. Under the original contract, the bond and the contract of April 25, 1930, the appellant directly assumes an obligation to pay lienable claims of laborers and materialmen. The opinion in the *Monin Case* (*supra*), therefore, furnishes a complete answer to this claim of appellant. (See, also, *Maneely* v. *City of New York*, 119 App. Div. 376, 385; *Maryland Casualty Co.* v. *Board of Water Comrs.*, 66 F. [2d] 730.) The appellant, in completing the contract of its principal, Moon, stands in his shoes — all moneys earned by appellant in completing are as applicable to claims of laborers and materialmen who have acted under contracts with Moon as if the money had been earned by Moon himself — and whether or not the cost of completion by appellant was greater than the total amount paid to it by the board of education is of no importance. Appellant's obligation is measured by its common-law contract.

As we construe appellant's contract, defendants Bloomington Limestone Company and August Feine & Sons Co., Inc., are each

entitled to judgments against appellant under the *Monin* case because they have lienable claims in that they furnished labor and materials which went into the construction of the buildings involved. Whether the Harrison Engineering and Construction Corporation was acting as agent of appellant or as an independent contractor in completing the work for appellant is, therefore, immaterial. It is conceded that because of a clerical error the Feine judgment should be reduced in the amount of ten dollars and sixty cents.

Defendants Seaward A. Sand — William H. Ward,. Samuel P. Ward and Bernard L. Ward, doing business under the name of Ward Bros.— and Jim Wylam, Inc., not only are not holders of valid liens (*Shultz* v. *Quereau Co.*, 210 N. Y. 257), as the referee held, but they are not entitled to judgments against the defendant casualty company because the labor and materials furnished (tools, *et sim*, photographs, gasoline, oil and grease) did not go into " the improvement of real property " (Lien Law, § 3; *Beals* v. *Fidelity & Deposit Co.*, 76 App. Div. 526; affd., 178 N. Y. 581), and appellant's contractual obligation as surety is no more than to " pay [if its principal does not] for all material used and services rendered in the execution and completion of said contract." (*Brigham* v. *Duany*, 241 N. Y. 435, 439.) We are not called upon to discuss the scope of sections 54 and 64 of the Lien Law, since the contract of this surety appellant includes, but does not reach beyond, claims for labor and materials actually going into the construction of the buildings.

The amount of the judgment in favor of Niagara Supply Co., Inc., should be reduced from $2,021.70 to $1,860.51. The difference ($161.19) — which is a charge for coal and coke delivered — is in the same class as the disallowed claims discussed in the immediately preceding paragraph. The item in this claim of sixty-four dollars for unloading and cartage of brick was properly allowed. (*Post & McCord* v. *City of New York*, 86 Misc. 300; affd., 166 App. Div. 919; *Long* v. *Rouse*, 241 id. ——.)

If the pleadings under strict construction would not fully support a judgment against the surety company in favor of the board of education, the court, considering the whole record, had ample authority to conform the pleadings to the proof. (Civ. Prac. Act, § 434; Rules Civ. Prac. rule 166.)

The additional allowances were erroneously granted. They were made without notice when notice to all interested parties is essential. (*Bush* v. *O'Brien*, 52 App. Div. 452.) And such an allowance cannot be made by the official referee. It must be made by the court. (*Di Silvestro* v. *Sons of Italy Grand Lodge*, 228 App. Div. 14.)

The judgment in the Bloomington Limestone Company action should be affirmed and the judgment in the Elmer E. Wilson action should be modified in accordance with this opinion, with costs as stated in our order to be entered hereupon. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

All concur, except EDGCOMB, J., not voting.

In the first above-entitled action: Judgment modified on the law and facts in accordance with the opinion and as so modified affirmed, with costs as provided in order to be entered hereon. Certain findings of fact and conclusions of law modified and reversed and new findings and conclusions made.

In the second above-entitled action: Judgment affirmed, with costs. Finding of fact No. 37 and conclusion of law No. 16 disapproved and reversed.