In the Matter of the Judicial Settlement of the Account of MARIE S. OSTER-HOUDT and Another, as Administratrices, etc., of IRENE H. HOLLSTEIN, Deceased, Respondents. RAYMOND J. QUIGLEY, Objector, Appellant.— Decedent was legally adopted. The foster parents predeceased the intestate, their adopted daughter who had died without descendants. The heirs at law and next of kin of the foster parents are the lawful distributees of the estate of the decedent. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

ALBERT G. STANTON and Another, Copartners, Doing Business as A. G. STANTON & Co., and Others, Appellants, v. BABOR COMEAU & COMPANY, INC., and Others, Defendants, and THE PEOPLE OF THE STATE OF NEW YORK, Respondent.— Appeal from an order of a Special Term of the Supreme Court, entered in Sullivan county, denying the application of plaintiffs-appellants for an order striking out paragraph third of the answer of the defendant, the State of New York, and directing summary judgment adjudging the liability of the State for the payment of the liens set forth in the complaint. The action is brought for the foreclosure of mechanics' liens under a contract for a public improvement. It appears that the contractor gave the required surety bond agreeing " if requested to do so by the State to fully perform and complete the work mentioned and described in said contract;" that the liens of the plaintiff-lienor were filed prior to the default of the general contractor and that at the time of filing there were more than enough funds and moneys due, owing and to become due to the general contractor to satisfy all liens filed against said funds due and to become due upon said contract; that the contractor defaulted whereupon the State served a notice purporting to cancel the contract and notified the surety to complete and perform the contract pursuant to its bond. The notice in behalf of the State to the surety, after referring to the contractor's default, stated " in view of these facts, we declare the contract of Babor Comeau & Co., Inc., null and void and call upon you, as surety, to proceed forthwith to complete the work as set forth by the contract and the bond which you executed." The defense sought to be stricken out alleges in substance the cancellation of the contract by the State; its completion by the surety company pursuant to the terms of this bond and that the balance of the moneys available under the contract remaining in the hands of the Comptroller of the State was paid to said surety company to apply against its cost of completion and that there are no further moneys in the hands of the Comptroller of the State due or to grow due in connection with this contract. It is the contention of plaintiffs that under the authority of *Wilson* v. *Moon* (240 App. Div. 440; affd., 265 N. Y. 640), the action of the State did not amount to a cancellation in so far as the lienors are concerned; that the surety in completing the contract " stepped into the shoes of the principal as if the principal had completed and all the liens attached, under section 5 of the Lien Law." The order was proper. Decision on the merits should await consideration of all the facts after a trial of the issues; furthermore the surety is not a party to the action and might be directed to be brought in as a party in order to permit a full determination of all the rights involved. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.