MATILDA M. KOHL and WILLIAM KOHL, Respondents, *v.* FIRST TRUST COMPANY OF TONAWANDA, Appellant.*

Fourth Department, June 28, 1938.

---

* Modfg. and affg. 164 Misc. 420.

*Knoell & Bassett* [*Edward C. Schlenker* of counsel, *Joseph H. Morey, Jr.*, with him on the brief], for the appellant.

*Watts & Findlay* [*Francis T. Findlay* of counsel, *Bernard Sax* with him on the brief], for the respondents.

DOWLING, J. W. G. Palmer, Inc., hereinafter called Palmer Company, was incorporated under the laws of New York in 1913. It embarked in the lumber, mill work, box and crate making business at North Tonawanda. Wallace G. Palmer was president and general manager, William A. Kohl and George W. Gilmore were officers and employees of the company. The corporation, Mr. Kohl and Mr. Gilmore were patrons of the defendant, First Trust Company of Tonawanda.

In January, 1927, the Palmer Company attempted to borrow $25,000 from the defendant with no success. Early in February, 1927, at the instance of Mr. Palmer, Mr. Kohl asked defendant to loan him $10,000 for the benefit of the Palmer Company. His request was granted. On February 11, 1927, Mr. Kohl gave his personal note to the defendant for $10,000 and delivered the proceeds to the Palmer Company. The Palmer Company then made a note for $10,000 payable to the order of Mr. Kohl and delivered it to him as collateral security to his $10,000 note. This note was indorsed by Wallace G. Palmer. Mr. Kohl indorsed the note and delivered it to the defendant as collateral security to his $10,000 note.

On February 26, 1927, George W. Gilmore borrowed $10,000 from the defendant on his personal note and delivered the proceeds to the Palmer Company. The Palmer Company in turn made a note for $10,000 payable to the order of Mr. Gilmore and delivered it to him as collateral security to his $10,000 note. This note bore the indorsement of Mr. Palmer. Mr. Gilmore indorsed this note and delivered it to the defendant as collateral security to his $10,000 note.

In July, 1930, defendant held a note of the Palmer Company in the amount of $10,000.

In December, 1929, Harriet C. Palmer, wife of Wallace G. Palmer, loaned $30,000 to the Palmer Company and the Palmer Company gave her its bond secured by a mortgage for $30,000 covering its plant and equipment. This mortgage was recorded in Niagara county clerk's office on December 28, 1929. On July 29, 1930, Harriet C. Palmer assigned in writing this bond and mortgage to the defendant. The purpose appears in the following extract copied from the assignment: " This assignment is given as a collateral and continuing security for the payment to said

Trust Company of the following promissory notes, together with any and all renewals or extensions thereof and the interest thereon, to-wit: 1 Note for $10,000.00 made by W. G. Palmer, Inc. to the order of said Trust Company, dated July 28th, 1930, and payable four months after date at said Trust Company. 1 Note for $10,000.00 made by W. G. Palmer, Inc. to the order of and endorsed by William A. Kohl dated Aug. 13, 1928, payable on demand at said Trust Company on which there is now a balance in unpaid principal of $8500.00. 1 Note for $9,500.00 made by W. G. Palmer, Inc. to the order of and endorsed by George W. Gilmore, dated May 28th, 1930 payable three months after date at said Trust Company on which there is a balance of unpaid principal of $8500.00 Said last two notes are held by said Trust Company as collateral security and this Assignment is to secure the payment thereof to said Trust Company as well as the payment of said $10,000.00 dated July 8, 1930."

The Palmer Company paid the interest on the collateral notes and $1,500 on the principal of each note. Mr. Kohl paid nothing on the collateral note.

On July 29, 1930, Mr. Kohl owed the defendant $16,850 for which the defendant held his several notes. On that date all of his notes, including the $10,000 note, were consolidated into one note for $16,850. This note was indorsed by his wife Matilda M. Kohl.

In 1931 the Federal court appointed Wallace G. Palmer and James P. MacKenzie receivers of the Palmer Company. They operated the company until 1935. The receivers made payments of interest on the notes from time to time. All the notes were protested for non-payment, whereupon the defendant instituted an action in the Supreme Court to foreclose its collateral mortgage. Mr. Gilmore, Mr. Kohl, Mrs. Palmer and the receivers were made parties defendant in that action. Mrs. Kohl was not a party. At this time there was unpaid on each of the collateral notes $8,500 and on the Palmer Company note $5,000, with interest from December 1, 1932. Mr. Kohl's personal note on June 30, 1933, amounted to $3,879.88. In the complaint in that action the bank set up the Palmer Company note and the two collateral notes and alleged that there was due and unpaid on these notes the sum of $22,000, with interest from December 1, 1932. The bank demanded judgment that the amount due on the three notes be adjudged, that the property be sold and from the proceeds of the sale it be paid the amount due, with interest and costs, and, if there was not sufficient for that purpose, it have a deficiency judgment against the defendants. Mr. Kohl defaulted on learning

the bank was not planning to hold him for any deficiency. On stipulation of the parties who appeared the action was referred to an official referee. On May 2, 1934, a hearing was had before the referee. The bank proved the amount due on the Palmer Company $5,000 note and on the Gilmore note. It declined to offer proof of the amount due on the Kohl note. The referee found the amount due the bank on these two notes was $13,500, with interest from December 1, 1932. In a conclusion of law the referee found " that after the payment of taxes, assessments, water rates, costs and expenses of this action, plaintiff is entitled to receive from the proceeds of sale the sum of $14,663.24, with interest thereon from May 2, 1934, said sum or any portion thereof to be applied as follows: " First on the $5,000 note indorsed by Mrs. Palmer and thereafter on the $8,500 Gilmore note. The Kohl notes were not mentioned in the findings of fact or conclusions of law or in the judgment of foreclosure and sale. Judgment of foreclosure and sale was entered on May 14, 1934. The referee appointed to make the sale . duly advertised the sale and sold the property to the bank on June 8, 1934, for $8,800. The referee made a report of sale showing a deficiency of $27,303.34. The report indicates that the referee received from the bank the full purchase price, and that after payment of taxes, costs and disbursements he turned over to the bank's attorneys on June 12, 1934, the net proceeds of the sale, amounting to $5,488.03. No deficiency judgment was taken or docketed against Mr. Kohl. After receipt of the referee's deed the bank set up the property on its books at $17,000, being the amount the property stood it in for costs, expenses, taxes, the Gilmore and Palmer Company notes. The bank then canceled these two notes and offered to return to Mr. Kohl his collateral note from the Palmer Company. Mr. Kohl declined the offer and demanded that the bank should apply $8,500 of the purchase price on his collateral note. The bank informed him there was nothing to apply. What the bank did with the net proceeds of the sale, $5,488.03, does not appear. It did not apply the $5,488.03 on any of the notes.

The plaintiffs instituted this action in April, 1935. They set forth two alleged causes of action, one for converting the proceeds of the sale and the other for breach of an agreement to protect the interests of Mr. Kohl in the collateral mortgage. They demanded judgment as follows: " That defendant be directed to render to them a correct accounting of the monies received by it in the above foreclosure action. That plaintiffs have judgment against defendant for the amount which defendant was under duty to apply on their indebtedness pursuant to the above collateral agreement. That plaintiffs have judgment that they have a lien in the sum of

Eighty-five hundred dollars ($8,500.00), with interest from December 1st, 1932, on the above property purchased by defendant."

The defendant answered raising four affirmative defenses: (1) The complaint fails to state a cause of action; (2) the judgment in the foreclosure action is *res adjudicata;* (3) the agreement was to answer for the debt of another, was not in writing and is void; (4) defendant tendered the collateral note to Mr. Kohl before the commencement of the action and is ready to deliver said note to him; that Matilda M. Kohl was a comaker of the notes made or owed by Mr. Kohl. The issues were tried before an official referee. The referee found that the value of the property at the time of the sale was $45,000; that at the time the mortgage was assigned to defendant the plaintiffs were indebted to it in the sum of $16,850; that at the time the foreclosure action was commenced this indebtedness had been reduced to $3,879.49; that the net proceeds of the foreclosure sale were $5,488.03; that after the sale the bank charged off the Palmer Company $5,000 note and the Gilmore note and set up the value of the property on its books at $17,000; that prior to the commencement of this action plaintiffs demanded that the defendant credit them with the proceeds of the foreclosure action; that the defendant gave Mr. Kohl no credit for any of the proceeds of the foreclosure sale. As conclusions of law the referee found that the default foreclosure judgment was no bar to the maintenance of this action; that the plaintiffs had an 85/220ths interest in the collateral mortgage assigned to the defendant by Mrs. Palmer; that the assignment of the mortgage to defendant created a contract in which plaintiffs were third-party beneficiaries; that in accepting the assignment of the mortgage defendant became a trustee for the plaintiffs to the extent of $8,500, with interest thereon from December 1, 1932; that the defendant, by failing to prove the amount unpaid on the Kohl collateral note before the referee in the foreclosure action, after representing that it would do so, breached its duty to the plaintiffs and such conduct constituted a breach of trust; that plaintiffs are entitled to judgment against the defendant for $8,500, with interest thereon from December 1, 1932, less any indebtedness plaintiffs might owe the defendant to be agreed upon by counsel; that plaintiffs should have costs and an extra allowance of $250.

Judgment was entered on the referee's decision December 6, 1937, for $11,590. From this judgment the defendant appealed to this court January 3, 1938. Defendant asks for a reversal of the judgment on the grounds that the judgment in the foreclosure action was a bar to the maintenance of this action; that plaintiffs were not entitled to recover on any theory; that they were neither

third-party beneficiaries of any contract nor *cestuis* of any trust; that the proceeds of the sale were correctly applied by the bank in payment of the $5,000 note indorsed by Mrs. Palmer; that under no view was Mrs. Kohl entitled to recover and that the extra allowance of $250 was unauthorized.

The referee correctly held the judgment in the foreclosure action was not a bar. Mrs. Kohl was not a party to the foreclosure action. Mr. Kohl had a right to assume that the judgment in the foreclosure action would not be more favorable to the bank than that demanded in the complaint. (Civ. Prac. Act, § 479.) The bank gave no notice in the complaint that it would ask for an apportionment of the proceeds of the sale, first on the $5,000 note and second on the Gilmore note. The referee, however, gave such a direction as one of the conclusions of law. The judgment in the foreclosure action was more favorable to the bank than the relief demanded in the complaint. Plaintiffs also had a right to assume that the amount due on their collateral note would be computed by the referee and the proceeds of the sale prorated among the three notes. According to the defendant Mrs. Kohl indorsed not only the $10,000 note of her husband but also the consolidated note for $16,850. Consequently, she had an interest in having the proceeds of the foreclosure sale applied in reduction of her husband's indebtedness to the defendant. She occupied the position of a surety. " The law has always regarded a surety as having some rights in the security, though furnished directly by the debtor to the creditor. The security having been furnished by the debtor, the creditor must dispose of it upon equitable principles." (*Orleans County National Bank* v. *Moore*, 112 N. Y. 543, 555.) If Mrs. Kohl should pay to the defendant the amount due upon the note indorsed by her for her husband, she would be entitled to be subrogated to the defendant's title and interest in the Kohl collateral note. (*Hanlon* v. *Union Bank of Medina*, 247 N. Y. 389, 390.) The referee had no power to grant the plantiffs an extra allowance of $250. (*Wilson* v. *Moon*, 240 App. Div. 440, 443.) Moreover the action was neither unusual nor extraordinary within the meaning of section 1513 of the Civil Practice Act. The defendant had no directions or instructions from any source whatever relative to applying the proceeds in event of a foreclosure sale. This being the case, the defendant should have applied them ratably among the three notes. This rule was laid down in *Bridenbecker* v. *Lowell* (32 Barb. 9). This holding met with the approval of the court in *Orleans County National Bank* v. *Moore* (*supra*, p. 551); in *Hanlon* v. *Union Bank of Medina* (*supra*, p. 391) and in *Lichtenstein* v. *Grossman Construction Corp.* (248 N. Y. 390, 393).

The legality of the sale in the foreclosure action has not been questioned. The fact that the property may have been worth more than it sold for on the foreclosure sale is immaterial. Defendant in no way misled the plaintiffs or prevented them from bidding at the sale. The fact that the defendant set up the property on its books at $17,000, the amount of its investment therein, was likewise immateral. The net proceeds of the sale, $5,488.03, is the amount that should have been apportioned by the defendant ratably among the Palmer Company note and the Gilmore and Kohl collateral notes.

Plaintiffs brought this action for an accounting of their share of the proceeds of the foreclosure sale. They allege they had no adequate remedy at law. Notwithstanding these facts, they were awarded a money judgment against the defendant for $11,590 less any indebtedness which they might be owing to the defendant. This judgment can not be sustained on any theory deducible from the evidence. The plaintiffs should have been given an interlocutory judgment declaring that they were entitled to have 85/220ths of the net proceeds of the sale, amounting to $2,120.29, with interest from June 12, 1934, applied by the defendant on their indebtedness to it and directing defendant to account to the plaintiffs therefor. Certain findings of fact and conclusions of law should be disallowed and reversed and new findings and conclusions should be made.

The judgment should be modified accordingly and as modified should be affirmed, without costs of this appeal.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.