LONG ISLAND TRUST COMPANY, Plaintiff, *v.* VENDALL, INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, June 20, 1962.

*Hubbell & Van De Walle* (*Charles R. Van De Walle* of counsel), for plaintiff. *Battle, Fowler, Stokes & Kheel* (*Raymond F. Gregory* of counsel), for Ernest L. Byfield, Jr., defendant.

WILLIAM R. BRENNAN, JR., J. By its first cause of action the plaintiff (hereinafter referred to as the Bank) seeks to recover against all defendants upon a promissory note made November 3, 1961, by the defendant Vendall, Inc., to the order of the Bank, and which was indorsed by the defendants Dewar and Byfield. For convenience, this note will hereinafter be referred to as the Byfield note. The second cause of action seeks to recover against the defendants Vendall, Inc., and Dewar upon a promissory note made by the defendant Vendall, Inc., to the Bank under date of December 27, 1961, which will hereinafter be referred to as the Dewar note.

The Bank moves for summary judgment against Byfield under rule 113 of the Rules of Civil Practice, or, in the alternative, for partial summary judgment against him under rule 114. Byfield cross-moves for partial summary judgment.

On August 29, 1961, the defendant Vendall, Inc., borrowed $20,000 from the Bank upon its 90-day note which was indorsed by Dewar. Prior to the due date of the Dewar note and on November 3, 1961, the defendant Vendall, Inc., delivered to the Bank its note in connection with another loan of $20,000, which note was indorsed not only by the defendant Dewar, but also by the defendant Byfield. This note was to become due on February 1, 1962. The original Dewar note was renewed by the Bank on December 27, 1961, and was to become due on February 15, 1962. A clause was inserted in the renewed Dewar note which provided that the due date was to be accelerated by the occurrence of any of several events, one of which was a default in the payment of the Byfield note.

On February 1, 1962 Vendall, Inc., failed to meet the Byfield note due on that date. The Bank immediately called the Dewar note due February 15, 1962 because of the nonpayment of the Byfield note. On that date Vendall, Inc., had on deposit with the Bank the sum of $10,448.42. These funds were, on February 1, 1962, placed in a so-called "suspense account" by the Bank and at the same time the Bank notified Vendall, Inc., of its election

to call the Dewar note maturing February 15, 1962 and stated its intention to use the amounts on deposit in the Vendall, Inc., account "in partial payment of the aforesaid obligations." No instructions were received from Vendall, Inc., as to the application to be made of the payment and upon the records of the Bank the proceeds of the Vendall, Inc., checking account were, on February 16, 1962, actually applied by the Bank in payment of the Dewar note originally due February 15, 1962. The reason for such application is undisputed; it appears that the Bank is more likely to collect from the defendant Byfield than from the defendant Dewar.

The defendant Byfield contends that such application by the Bank is improper under the circumstances, and that he is entitled to have the amount of the Vendall, Inc., checking account applied fully against the Byfield note or, if that is not true, then to have said amount applied pro rata to both notes. The Bank contends that it is entitled to apply the full amount of the Vendall, Inc., checking account to payment of the indebtedness due on the Dewar note alone. The main issue in this cause is the right of the Bank to determine the application of the amount on deposit in the checking account of Vendall, Inc., when it suffered its default on February 1, 1962.

The basic, long-established rule is that a creditor having two demands against a debtor may apply a payment received from the debtor to either of the demands, at his election, provided no direction is given by the debtor (*Harding* v. *Tifft*, 75 N. Y. 461, 464–465; *Smith* v. *Rothman*, 6 A D 2d 859, affd. 6 N Y 2d 793). And the mere fact that there is a surety for one of the debts does not preclude the creditor from applying a payment to the debt for which he has no security or less security (*id.*).

It is unquestioned in the instant case that Vendall, Inc., gave no instructions as to the application of the balance in its checking account. Therefore, the Bank was free to make the choice. In so doing, there was as between it and the debtor no limit of time within which to make the application (*Bank of California* v. *Webb*, 94 N. Y. 467, 472) or, at the least, the Bank had a reasonable time within which to elect how to make the application (*Shipsey* v. *Bowery Nat. Bank*, 59 N. Y. 485, 492; *Dairymen's League Co-op. Assn.* v. *Hartford Acc. & Ind. Co.*, 252 App. Div. 527, 532) and it was not obliged immediately to designate where it should be applied (*Shipsey* v. *Bowery Nat. Bank, supra*).

Vendall, Inc., the maker of the notes, made no election and has defaulted in appearance and pleading in this action. Consequently, cases involving the manner of application of payments where neither debtor nor creditor make an election (*Gescheidt &*

*Co.* v. *Bowery Sav. Bank*, 251 App. Div. 266, affd. 278 N. Y. 472; *City of New York* v. *Idlewild Beach Co.*, 182 Misc. 205, 209; *Lichtenstein* v. *Grossman Constr. Corp.*, 248 N. Y. 390, 393) are not apposite, nor are those where payment is involuntary as under a judicial sale the proceeds of which require application (*Orleans County Nat. Bank* v. *Moore*, 112 N. Y. 543, 547–548). In any event, the intrinsic equities favor the Bank (cf. *Dairymen's League Co-op. Assn.* v. *Hartford Acc. & Ind. Co.*, 252 App. Div. 527, 532, *supra*).

Accordingly, no issue remains for trial except that of the amount of the attorney's fees to which plaintiff may be entitled. An order may be settled on notice providing for summary judgment in favor of plaintiff and against defendant Byfield striking out his answer and for the relief demanded against him in the first cause of action, except counsel fees, and setting the cause down for inquest for an assessment of the reasonable value of counsel fees to be added to the sums otherwise due under the first cause of action, unless counsel can agree upon the amount of such counsel fees in which event provision may be made accordingly in the order. The defendants' cross motion is denied.

Settle order on notice, including provision for severance as to remaining defendants, if plaintiff is so advised.