■ CARPENTER'S BACKHOE & DOZER SERVICE, INC., Respondent, v DEWITTSBURG HOUSING DEVELOPMENT FUND CORP. et al., Appellants, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered October 21, 1977 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint, granted plaintiff's cross motion for summary judgment to the extent of determining that plaintiff had a valid lien and ordered an immediate trial to determine the

amount of said lien. On November 22, 1971, appellant Dewittsburg Housing Development Fund Corporation (hereinafter Dewittsburg) contracted with Clay Development Corporation (hereinafter Clay) for the construction of 212 townhouse apartments upon certain realty owned by Dewittsburg in Elmira, New York. As surety for Clay, appellant Travelers Indemnity Company (hereinafter Travelers) issued a performance bond wherein it agreed to fully indemnify Dewittsburg from any damage which Dewittsburg might incur because of Clay's failure to perform on the contract. Pursuant to a separate contract with Stirling Homex, Inc., the parent company of Clay,* plaintiff Carpenter's Backhoe & Dozer Service, Inc., subsequently supplied labor and material for the project as a subcontractor and completed its work on May 24, 1972. Thereafter, in late June the project sustained extensive damage as a result of flooding caused by "Hurricane Agnes", and neither Clay nor Stirling Homex worked on the project after June 28, 1972. The following month both of these companies filed petitions under chapter 10 of the Bankruptcy Laws (US Code, tit 11, ch 10), and on July 14, 1972 plaintiff filed a notice of mechanic's lien for the labor and material it had furnished for the project. With these circumstances prevailing, Dewittsburg terminated Clay's rights under the original construction contract on September 15, 1972, and, in accordance with its obligations under the performance bond, Travelers arranged for the project to be completed by Wright and Kremers, Inc. (hereinafter Wright). As a result, Travelers, Dewittsburg and Wright then entered into a take-over agreement pursuant to which Wright completed the project, including extensive repair work necessitated by the flooding, at a cost of $2,432,662.80. Of this amount Dewittsburg ultimately paid Wright $1,020,321, the amount remaining unpaid under the original contract with Clay, and Travelers paid the remainder. Alleging that it had still not been fully paid for labor and materials which it had supplied for the project, plaintiff commenced the present action to foreclose its mechanic's lien on May 4, 1973, and, after defendants moved to dismiss the complaint on the ground that it failed to state a cause of action and, alternatively, sought summary judgment, plaintiff cross-moved for summary judgment in the amount of $70,256.72. Special Term concluded that, as surety on the performance bond, Travelers was obligated to pay "all sums actually due plaintiff for material and work furnished for the project", but that plaintiff had not established the exact amount which it was due. Accordingly, the court granted plaintiff's cross motion for summary judgment to the extent of establishing the validity of plaintiff's lien and ordered an immediate trial to determine the amount of the lien. On this appeal, Dewittsburg and Travelers basically argue that, since the cost to complete the project following the termination of Clay's contract rights exceeded the original contract balance, there was no fund to which plaintiff's lien could attach. Such being the case, they maintain that they are entitled to summary judgment in their favor and to the cancellation of a discharge of lien bond which they had previously filed. We cannot agree with this analysis, however, and instead hold that the order of Special Term must be affirmed. In the instant case, we have a tri-partite take-over agreement among Travelers, Dewittsburg and Wright wherein Travelers, as surety, is completing the original construction contract of its principal, Clay, through the services of Wright. When presented with a strikingly analogous situa-

---

* Clay is a wholly owned subsidiary of Stirling Homex. For the purposes of this action the parties have agreed that Clay and Stirling Homex are to be treated as one and the same entity.

tion in *Wilson v Moon* (240 App Div 440, affd 265 NY 640), the court reasoned that the surety stands in the shoes of the principal and that all moneys which it earns in completing the project are applicable to the claims of laborers and materialmen, such as plaintiff here, who act under contracts with the principal just as though the principal had completed the work itself. The court further ruled that it makes no difference whether or not the cost of completion exceeds the total amount paid therefor by the owner of the project, i.e., in this instance the $1,020,321 paid by Dewittsburg to Wright. We are unable to distinguish the circumstances here from those in *Wilson v Moon (supra),* and we find the court's rationale in that case persuasive and controlling. Accordingly, we agree with Special Term in its grant of partial summary judgment to plaintiff and its direction that an immediate trial be held to determine the amount of plaintiff's lien. Order affirmed, with costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.