# Geter *v.* Central Coal Company.

*Action for Damages for Personal Injury.*

(Decided Jan. 16, 1907.    43 So. Rep. 367.)

1. *Appeal; Assignment of Error; Record; Review.*—Where the appeal is taken from the overruling of a motion for a new trial assignments of error predicated on exceptions reserved on the trial, not made ground of motion for new trial, cannot be considered on appeal.

2. *Same; Instructions; Objections;Exceptions; Necessity for.*—Objection to the oral charge must be made and exceptions reserved thereto at the time of its delivery in order to make such

objections the basis for a new trial and have the same considered on appeal from the overruling of such motion.

3. *Same; Improper Remarks of Court.*—An objection to an improper remark made by the court during the trial must be reserved by an exception thereto at the time of its making and the same made a ground for motion for a new trial, before it can be considered on an appeal from a judgment refusing a motion for a new trial.

4. *New Trial; Grounds; Surprise.*—One cannot claim surprise as a ground for a new trial, based on the testimony of the officer of the corporation that such person made certain admissions, where such person denied making any admission while testifying in his own behalf on redirect examination; the remedy of a party taken by surprise at the testimony of witness of the adverse party, is by motion for a continuance.

5. *Same; Newly Discovered Testimony; Cumulative Testimony.*— A new trial will not be granted on the ground of newly discovered testimony which is merely cumulative.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Kitt Geter against the Central Coal Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Many assignments of error are predicated upon the action of the court upon the trial of the cause, but are not considered in the opinion, for the reason clearly stated therein. Plaintiff filed an application for a new trial, assigning the following grounds: "(1) Because the plaintiff was taken by surprise on the trial in this: That the defendant, through one of its officers, claimed that on a certain day, when in company with another one of defendant's officers, he was on a visit to this plaintiff, plaintiff admitted to him that he was at fault, and that he himself contributed to his alleged injury, when in fact no such admissions were made. (2) Same grounds as No. 1. (3) On the grounds of newly discovered evidence, in that he had discovered since the trial the names of two or more parties who were present during the whole of the conversation between plaintiff and defendant's officers, Roden and Pearson, at their said visit, and who will and do testify that Geter made no use of the language they claimed he used, and that he used no words that could be construed to mean that he was in any manner to blame for his injuries. (4) Be-

[Geter v. Central Coal Company.]

cause the charge given by the trial judge was partial, and calculated to bias the minds of the jury in favor of the defendant. (5) Because the oral and emphatic charge of the judge was unintentionally prejudicial to plaintiff's interest, and was calculated to bias the jury. (6) Because the trial judge constantly and repeatedly reiterated the same parts of his charge, saying the same thing over and over when in favor of the defendant, and unnecessarily emphasizing the statement that the jury should find for the defendant, and partly in support of this ground plaintiff refers to the charge as taken down by the court's official stenographer, Mr. Evans." The seventh, eighth, ninth, tenth, eleventh, and twelfth grounds were an enlargement and elaboration of ground 6, all referreing to the unintentional action of the judge, creating a bias in the minds of the jury favorable to the defendant. The facts are sufficiently stated in the opinion, and as to each ground of the motion the evidence was in controversy.

FRANCIS B. NABERS, and ARTHUR L. BROWN, for appellant.—The conduct of the trial court complained of in the motion for a new trial is sufficient to base a reversal upon.—*Wheeler v. Wallace,* 53 Mich. 355; *State v. Allen,* 100 Ia. 7; 21 Ency. P. & P. 994; *Fager v. The State,* 22 Neb. 332; *State v. Coella,* 3 Wash. 99; *Griffin v. The State,* 90 Ala. 601; *Perkins v. The State,* 50 Ala. 154. Counsel discuss other assignments of error but cite no authority.

WALKER PERCY, for appellee.—The court properly overruled the motion for a new trial.—*McLeod v. Shelby Co.,* 108 Ala. 81; 4 Mayf. Dig. 315.. Counsel discuss other assignments of error but cite no authority.

TYSON, C. J.—This case was tried on the 30th day of September, 1902. On the 30th day of October following a motion for a new trial was entered. This motion was disposed of on the 30th day of June, 1905, by judgment overruling it. The bill of exceptions in the record was signed on the 18th day of October of the same year, but within the time allowed for its signing by an order

[Geter v. Central Coal Company.]

of the court made when the motion was denied and other orders of the presiding judge made in vacation.

Many assignments of error are predicated upon exceptions reserved upon the trial not made grounds for the motion for new trial. It is clear that these cannot be considered. It is only the assignment of error based upon the ruling upon the motion that is presented for review, for the reason that the bill of exceptions can only be regarded as preserving the exception taken to that ruling.—5 Mayfield's Dig. p. 720, § 15.

The motion contained a number of grounds. The main cause of complaint seems to be aimed at the conduct of the presiding judge, which, it is asserted, was prejudicial to plaintiff's cause in the minds of the jury that tried it. His conduct, upon which is relied as sustaining the assertion, was in giving undue emphasis to certain words in his oral charge to the jury, cautioning them not to permit their sympathies to influence their verdict, etc., and in acts of familiarity with one Pearson who was a stockholder in and an officer of defendant corporation, and a witness for it on the trial of the case.

It does not appear that plaintiff reserved an exception to the charge of the court, and unless this was done he must be regarded as having waived all objections he may have had to it. He will not be allowed to speculate upon its effect upon the jury. He could not await their verdict, and, in the event it is adverse to him, complain that he was prejudiced by the charge, when he made no objection to it. The attempt to cure the omission of reserving an exception, if the charge was esteemed to be erroneous and prejudicial, by a motion for a new trial, must be regarded as wholly ineffectual. Such is not the office of a motion. In other words, a motion for a new trial cannot take the place of an exception, which could and should be properly reserved during the trial.—*McLendon v. Bush,* 127 Ala. 470, 29 South. 56, and authorities there cited; *Stewart v. Guy,* 138 Ala. 176, 34 South. 1007. This principle is also applicable and controlling with respect to the remark of the court to plaintiff's counsel as to his (plaintiff's) being able "to get his own chair" when called to the witness stand to testify in his own behalf.

[Geter v. Central Coal Company.]

With respect to the conduct of the presiding judge towards Pearson we are not reasonably satisfied, from the evidence introduced pro and con, that this ground of the motion was proved. Undoubtedly the burden of proving the fact was upon the movant. Its occurrence was denied by Pearson and counsel for defendant, and the presiding judge found against the movant on the issue. In view of the burden of proof and the presumption of correctness which must be accorded the finding of the trial judge on this disputed issue of fact, we feel constrained to hold that we cannot affirm that this ground of the motion was well taken.

The other grounds of the motion are predicated upon surprise during the trial and newly discovered evidence. Both of these grounds are attempted to be supported by affidavits exhibited for the purpose of showing that the testimony of Pearson, who was examined as a witness by defendant, that plaintiff made certain admissions to him before the action was brought, was untrue. It appears from the bill of exceptions that plaintiff, while testifying in his own behalf on redirect examination, denied making any such admissions or statements, and that subsequently in the course of the trial the defense offered the testimony of Pearson to show that he made them. It is apparent, therefore, that there was no surpise. His own testimony shows that he anticipated that the evidence introduced by defendant would be offered; otherwise, he would hardly have denied making the statement in advance of its introduction by defendant. But, aside from this, had he not shown that he anticipated such testimony, and if surprised by it, he should have moved a continuance of the cause or a postponement of the trial. "The correct practice in such case is for the party at once, upon the discovery of the cause during the progress of the trial which operates as a surprise on him, to move a continuance or postponement of the trial, and not attempt to avail himself of the chance of obtaining a verdict on the evidence he has been able to introduce, and, if he should fail, then apply for a new trial on the ground of surprise. To tolerate such a practice would have the effect of giving to the party surprised an unreasonable

[Dunn & Lallande Brothers v. Gunn.]

and unfair advantage, and tend to an unnecessary and improper consumption of the time of the court."—*Hoskins v. Hight,* 95 Ala. 284, 11 South. 253.

Suffice it to say as to the merits of the motion predicated upon newly discovered evidence, that the new evidence offered in support of the ground of the motion was merely cumulative of the plaintiff's denial that he made the statement or admission. Under all the authorities, "it is a well-settled rule that a new trial will not be granted on the ground of newly discovered evidence, when the new evidence relied on is merely cumulative to that introduced at the former trial."—14 Ency. of Pl. & Pr. p. 811, and note 2.

Other reasons might be stated justifying the overruling of the motion on the two grounds last discussed, but those given are sufficient to affirm the ruling of the court in this case.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.

*Action for Damages for Personal Injury Received by Falling Into an Open Ditch.*

