(108 So. 248)

**CHEVROLET MOTOR CO. v. COMMERCIAL CREDIT CO.   (6 Div. 639.)**

(Supreme Court of Alabama.   April 15, 1926.)

**1. Detinue ☞24—That jury in detinue for car returned verdict in favor of claimant without assessing car's value held immaterial, where claimant had possession of car at time of trial (Code 1923, §§ 7389, 7391, 7403).**

That jury in detinue for a car, under Code 1923, §§ 7389, 7391, 7403, returned a verdict in favor of claimant and failed to assess value of car *held* immaterial, where claimant had possession of car at time of trial.

**2. Detinue ☞22—General affirmative charge for claimant in detinue for car should not have been given, where it appeared that claimant's vendor held car for plaintiff as bailee with no right or authority to sell it.**

In detinue for a car, general affirmative charge for claimant should not have been given, where it appeared that car belonged to plaintiff, who had immediate right to possession of it, and that claimant's vendor held it for plaintiff as mere bailee with no right or authority, express or implied, to sell it.

**3. Trial ☞139(1).**

General affirmative charge should never be given against plaintiff, where there is slightest evidence tending to prove right of recovery by plaintiff.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Claim suit between the Chevrolet Motor Company, plaintiff in detinue, and the Commercial Credit Company, claimant. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

A. F. Fite, of Jasper, for appellant.

The bailee could not make a valid sale of, or create a valid lien upon, the car, even to a bona fide purchaser. Medlin v. Wilkerson, 1 So. 37, 81 Ala. 147. Possession of personal property by bailee cannot be relied upon to divest the title of the owner. Fairbanks Co. v. Eureka Co., 67 Ala. 109. The burden was upon the claimant to show the bailee had authority to sell the property. Davidson v. Farrow, 68 So. 602, 13 Ala. App. 614. The judgment must be for the property sued for or its alternate value. Code 1923, § 7392; Jernigan v. Willoughby, 48 So. 812, 159 Ala. 650; Crews v. Parish (Ala. App.) 105 So. 430; Slaughter v. Webster, 70 So. 128, 194 Ala. 642.

D. A. McGregor, of Jasper, for appellee.

Where one party impliedly or apparently permits another to act as his agent or representative to do a certain act, he is bound by the action of such agent or representative. Langham v. Jackson, 100 So. 757, 211 Ala. 417; Marx & Co. v. Mahan, 88 So. 206, 17 Ala. App. 673; Royal Typewriter Co. v. Thomas Co., 84 So. 429, 17 Ala. App. 234; 31 Cyc. 1219, 1331, 1352; Davidson v. Farrow Merc. Co., 68 So. 602, 13 Ala. App. 616. It was not essential that the value of the property be found by the jury. Dykes v. Clarke, 13 So. 690, 98 Ala. 657; Gwin v. Emerald Co., 78 So. 758, 201 Ala. 384; Denham v. Yancey, 95 So. 201, 19 Ala. App. 45.

MILLER, J. The Chevrolet Motor Company, a corporation, filed this detinue suit against Mrs. T. M. Ray for one Chevrolet coupé, with the value of the hire or use thereof during the detention. Plaintiff made affidavit and gave bond as permitted by the statute (Code 1923, § 7389), and the sheriff took possession of the automobile. The defendant neglected for five days to give the bond and regain possession of the property as permitted by statute (section 7391, Code of 1923). Thereupon the Commercial Credit Company, a corporation, made affidavit and filed a claim to the car and gave bond for its possession as permitted by section 7403, Code of 1923, and the property was then delivered by the sheriff to the claimant.

In the trial of the right of property between the plaintiff, Chevrolet Motor Company, and claimant, the Commercial Credit Company, for the automobile, the jury returned a verdict in favor of the claimant for the car; and from a judgment thereon by the court this appeal is prosecuted by the plaintiff.

[1] The jury returned a verdict for the car in favor of the claimant and failed to assess its value, so the alternate value of the car does not appear in the verdict of the jury, and of course is not in the judgment of the court. There was no necessity for the jury to assess the value of the car and show it in their verdict and for it to appear in the judgment of the court in this cause, as their verdict was in favor of the claimant, and the claimant had possession of the car as the record affirmatively and conclusively shows at the time of the trial. The plaintiff could not be injured by their failure to assess its value. Gwin v. Emerald Co., 78 So. 758, 201 Ala. 384; Dykes v. Clark, 13 So. 690, 98 Ala. 657.

The court gave the general affirmative charge with hypothesis in favor of the claimant. The giving of this charge and the foregoing judgment of the court are the errors assigned and argued in brief of appellant.

The evidence for the plaintiff showed practically without conflict that plaintiff owned this car; it was furnished by plaintiff to be used by its representative, who traveled in certain territory of Alabama. This representative, Mellis, was removed from Alabama to the Florida territory. He drove this car into the garage of the City Garage & Sales Company of Jasper, Ala., with instructions for it to be stored and kept for plaintiff and delivered to his successor in that territory. Mellis, the representative of the plaintiff, so left the car, and one Montgomery Haynes succeeded him as representative of plaintiff in that territory, and the car was to be delivered to him, Haynes, by the City Garage & Sales Company.

George W. Wood, secretary and treasurer of the City Garage & Sales Company, on September 5, 1924, sold this car, while it was so in its possession, to Lee R. Waldrop for $520. Waldrop signed a written conditional sale contract for the car, title to remain in the City Garage & Sales Company until the purchase price was paid in full. The City Garage & Sales Company, by Wood, as secretary and treasurer, duly transferred and assigned this conditional sale contract to the claimant, the Commercial Credit Company, for $451 in cash on September 5, 1924. Waldrop had an understanding with Wood that if he was not satisfied with this car he could return it and secure another. Within two weeks after Waldrop purchased the car he returned it and received another one. The City Garage & Sales Company afterwards sold this car to the defendant Mrs. T. M. Ray. There was evidence also as to its value. The testimony introduced by plaintiff was clear that the City Garage & Sales Company was not the agent of the plaintiff. It was a dealer in Chevrolet cars, purchased them from plaintiff, and sold them as dealers and not as agents of plaintiff in certain territory. The testimony of the president of the City Garage & Sales Company tended to show it was not agent of the plaintiff, but had only a dealer's contract with it, and he said:

"The object and effect of giving that dealer's contract that I spoke of was to provide that City Garage & Sales Company was not the agent of the Chevrolet Motor Company, but it provided that Chevrolet Motor Company would not sell cars here to anybody else except that company for resale. The City Garage & Sales Company bought those cars from the Chevrolet Motor Company and then resold them."

There was much evidence tending to show this car was sold by Wood of the City Garage & Sales Company to Waldrop without authority, express or implied, from the plaintiff while stored in its possession for plaintiff. There is some slight evidence that the City Garage & Sales Company held itself out as agent of plaintiff in selling Chevrolet cars; but it is exceedingly doubtful, and we do not decide, if there is any evidence tending or indicating it was done with the knowledge or permission of the plaintiff.

This court, in Medlin v. Wilkerson, 1 So. 38, 81 Ala. 148, wrote:

"The law is settled that a bailee cannot make a valid sale of the property, which is the subject of the bailment, even to a bona fide purchaser who may buy in ignorance of the vendor's want of title. The purchaser in such cases is charged with notice of the true ownership of the property, and buys at his peril. McCall v. Powell, 64 Ala. 254; Calhoun v. Thompson, 56 Ala. 166 [28 Am. Rep. 754]; Sumner v. Woods, 67 Ala. 139 [42 Am. Rep. 104]; Fairbanks v. Eureka Co. [67 Ala.] Id. 109."

And in Boozer v. Jones, 53 So. 1019, 169 Ala. 484, this court again wrote:

"A bailee for hire cannot make a valid sale of the bailment, 'even to a bona fide purchaser who may be in ignorance of the vendor's want of title.'"

[2, 3] There was evidence that this car belonged to the plaintiff; it had the immediate right to possession of it; that the City Garage & Sales Company held it for plaintiff as mere bailee with no right or authority, express or implied, to sell it. Obviously, if this evidence was believed by the jury, the plaintiff was entitled to recover the car and to prevail in the suit. The conditional sale contract of it by the bailee to Waldrop would be invalid; the claimant would secure no title to the car by its purchase of the invalid sale contract, and the general affirmative charge in favor of the claimant should not have been given by the court. Authorities, supra. The general affirmative charge should never be given against the plaintiff where there is the slightest evidence tending to prove a right of recovery by the plaintiff in the case. Brown v. Mobile Electric Co., 91 So. 802, 207 Ala. 61.

For the error mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.