THE EASTERN EXCHANGE BANK, Appellant, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.

**Insurance — banks and banking — policy insuring bank against loss from forgery of signature of depositor — no recovery for loss arising from forgery by depositor of signature of third person.**

A bank cannot recover, under a policy insuring it against loss through forgery· of the signature of a depositor, for a loss arising from the forgery by one of its depositors of the name of a third person on checks drawn to the order of the latter and the deposit of such checks by its depositor to his account in the bank from which he later withdrew the proceeds. The fact that its depositor, in opening his account, had assumed a fictitious name, that of the third person whose name he subsequently forged on the deposited checks, did not alter his identity and the rightful owner of the checks did not become a depositor of the bank within the meaning of the policy, by force of the conversion of his checks under color of forged indorsements.

*Eastern Exchange Bank* v. *Fidelity & Deposit Co.*, 218 App. Div. 818, affirmed.

(Argued May 20, 1927; decided May 31, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1926, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Knowlton Durham* for appellant.   The account which was opened by the forger in the name of John Hogan with checks belonging to and intended for John Hogan was the account of John Hogan, who became the bank's depositor.   (*Palm* v. *Watt,* 7 Hun, 317; *Graves* v. *American Exchange Bank,* 17 N. Y. 205; *Van Alen* v. *American Nat. Bank,* 52 N. Y. 1; *Viets* v. *Union Nat. Bank,* 101 N. Y. 563; *Walsh* v. *Nat. Broadway Bank,* 11 Misc. Rep. 249; *Kimball* v. *Norton,* 59 N. H. 1; *Murphy* v. *Pacific Bank,* 62 Pac. Rep. 1059; *Catlin* v. *Savings Bank,* 7 Conn. 487.)

*Thomas E. White* and *Albert E. Hart* for respondent. The man who personally went to the appellant bank, opened the account, signed the specimen signature cards, and who by physical appearance and handwriting became known to the bank, was its depositor within the meaning of the insurance policy.   (*H. R. & C. Co., Inc.,* v. *Smith,* 212 App. Div. 173; *Matter of Snook,* 2 Hilt. 566; *Smith* v. *United States Casualty Co.,* 197 N. Y. 420; *Gray* v. *Black,* 267 S. W. Rep. 291; *Allen* v. *German Amer. Ins. Co.,* 123 N. Y. 6; *Van Vechten* v. *Amer. Eagle Fire Ins. Co.,* 239 N. Y. 303; *Kean* v. *Nat. Surety Co.,* 241 N. Y. 252.) Each check deposited in the account being indorsed and each check drawn against the account being signed " John Hogan " by the hand of Palmer, the depositor of the bank, there was no forgery of the signature of a depositor, either under insuring clause " A " or insuring clause " E " of the policy.   (*Smith* v. *United States Casualty Co.,* 197 N. Y. 420; *H. R. & C. Co., Inc.,* v. *Smith,* 212 App. Div. 173.)

CARDOZO, Ch. J.   Defendant, a surety company, issued its policy of insurance to plaintiff, a bank, whereby it agreed to indemnify plaintiff against direct loss, not exceeding $5,000, which might be sustained

" through the payment by the insured bank after the date hereof.

"A. Of any check　*　*　*　drawn upon the insured bank　*　*　*　upon which there shall have been forged, as the drawer, maker or acceptor thereof, the signature of a depositor　*　*　*　and/or

" Through the cashing by the Insured Bank, after the date hereof, or through the extension, by the Insured Bank, after the date hereof, of credit upon the faith,

" E. Of any check or draft drawn upon any bank, which shall bear the forged signature of any depositor of the Insured Bank as endorser."

One Harry Palmer opened a deposit account with the plaintiff under the name of John Hogan. In some way he had obtained possession of checks drawn by the Western Union Telegraph Company to the order of one John Hogan, a person other than himself. These checks he deposited with the plaintiff from time to time, and later drew out the proceeds. Plaintiff was compelled thereafter to refund the amount of the checks to the true owner. It now sues the defendant surety company for indemnity in accordance with the bond.

Indemnity is due if Palmer in signing the name John Hogan to the checks forged the signature of a depositor. Plainly he did not. The signature of the depositor was genuine. It was the very signature that Palmer, alias Hogan, had written on the signature card, and that the bank had agreed to honor. What was forged was the signature of some one *not* the depositor.

The plaintiff in opening the account had no thought of contracting with any one except the man who stood before it. The fact that for the purpose of becoming a depositor, he assumed a fictitious name, did not alter his identity (*Phelps* v. *McQuade*, 220 N. Y. 232; *Strang* v. *Westchester Co. Nat. Bank*, 235 N. Y. 68, 70, 71). John Hogan, the rightful owner of the checks, did not become a depositor in the bank within the meaning of this bond by force of the conversion of his checks under color of a forged indorsement. The purpose of the bond was to

protect the insured, not against forgeries *by* a depositor of the name of some one else, but against forgeries by some one else of the name of a depositor.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.