(114 So. 273)

## COMMERCIAL CREDIT CO. v. CHEVROLET MOTOR CO. (6 Div. 246.)

Court of Appeals of Alabama. Nov. 1, 1927.

212

D. A. McGregor, of Jasper, for appellant.

Arthur Fite, of Jasper, for appellee.

SAMFORD, J. ▮ The evidence is without dispute that the plaintiff through one of its agents left the automobile here sued for with City Garage & Sales Company, to be kept and delivered by said City Garage & Sales Company to another agent of plaintiff. That while the automobile was thus being held, the City Garage & Sales Company sold the car to a third party, taking a retention title contract to secure deferred payments, and transferred this contract and car therein described to the claimant here, receiving therefor a valuable consideration. The only evidence on the question of the contract between plaintiff and the City Garage & Sales Company is the testimony of Sam Brasseale, who testifies that the car was left .in the garage of the City Garage & Sales Company by one Mellis, the representative of plaintiff, until his successor should come and get it. That the car remained, with the City Garage & Sales Company for four weeks until Haynes, who succeeded Mellis as the representative of plaintiff, came and assumed control over the car. There is no evidence in this record tending to show that the City Garage & Sales Company ever had title to or right to sell the car in question. That being the case, the claimant here has no sort of claim to the automobile, and, upon the undisputed facts in this record, the plaintiff was entitled to the general affirmative charge. Chevrolet Motor Co. v. Commercial Credit Co., 214 Ala. 433, 108 So. 248.

▮ There was no evidence tending to prove that the City Garage Company was the agent of the plaintiff. On the contrary, all the testimony was to the effect that the City Garage Company was a dealer in automobiles which it purchased from plaintiff. There is some slight evidence that the City Garage Company held itself out as agent of plaintiff, but absolutely no evidence tending to prove that plaintiff ever knew or consented to this. The whole evidence, if believed, shows that the Chevrolet car here in question is the property of plaintiff and was left by its representative with City Garage Company, as bailee. It is settled law that a bailee cannot make a valid sale of the car, which is the subject of the bailment, even to a bona fide purchaser who may buy in ignorance of the vendor's want of title. McCall v. Powell, 64 Ala. 254.

▮▮ Upon the examination of George W. Woods, a witness for claimant, claimant's attorney asked this question:

"I will ask you, Mr. Woods, the Chevrolet cars which you had over there for sale, either

the new car or the secondhand car which you obtained from the Chevrolet Motor Company, did you ever sell any cars that was delivered to you there that belonged to the Chevrolet Motor Company, except such cars as you paid for or they gave you instructions to sell?"

The plaintiff objected to the foregoing question because:

"It calls for general business rules; it is not proper evidence and it doesn't bear on this particular transaction, and that it is making the witness state a thing that he doesn't know anything about, because he says that he don't know anything about the history of this car and is just stating a general rule or question they had. I don't think it is proper."

The court sustained the plaintiff's objection and refused to permit the witness to answer, and to such action of the court in sustaining plaintiff's objection the claimant duly excepted. This question called for the act of the witness without any connection with or knowledge of plaintiff. Moreover, when a similar question was later asked which included knowledge on the part of plaintiff, the witness was allowed to and did answer.

 The view taken by this court on the evidence as shown by the record is that the undisputed evidence shows title and right to possession of the automobile in the plaintiff, and there is no evidence tending to prove agency on the part of City Garage Company or authority in it to sell the automobile or to do anything with it except to keep it and turn it over to the plaintiff or its representative. It follows, therefore, that refused charges 1, 2, 3, 4, 5, 6, and 7 are abstract and properly refused. The case of Langham et al. v. Jackson, etc., 211 Ala. 416, 100 So. 757, is not in conflict with the above. There is no act of the plaintiff in this case from which agency may be inferred, and, until there has been some act or conduct of the principal indicating agency, the acts and declarations of the alleged agent are not admissible in evidence.

 We see no valid objection to the verdict of the jury. The suit is in detinue. The claimant by its claim stands in the place of the original defendant. Section 7392 of the Code of 1923 provides:

"Judgment against either party must be for the property sued for, or its alternate value, with damages for its detention to the time of trial."

The verdict of the jury does just that.

The motion for new trial was properly overruled.

There is no error in the record, and the judgment is affirmed.

Affirmed.