AMERICAN SURETY COMPANY OF NEW YORK, Respondent, *v.* NICHOLAS J. GEROLD and Others, Individually and as Copartners Doing Business as JOSEPHTHAL & COMPANY, Defendants. NICHOLAS J. GEROLD and BERNARD E. POLLAK, Appellants.

First Department, October 29, 1937.

Leo J. Rosett of counsel [Joseph Fischer with him on the brief; House, Grossman, Vorhaus & Hemley, attorneys], for the appellants.

Gerald Morrell of counsel [Stanley R. Wayne with him on the brief], for the respondent.

UNTERMYER, J.  The plaintiff maintains this action as subrogee of the former stockbrokerage firm of Dean, Onativia & Co., its insured, to recover for conversion of a certificate of stock for one hundred shares of Standard Oil of California.  The certificate was purchased by Dean, Onativia & Co. for the account of " John E. Edwards," a name assumed by one of their employees.  It was then transferred into the name of " John E. Edwards," indorsed by the employee who had assumed that name, and delivered to Josephthal & Company for the credit of an account maintained in the name of Margaret Mahoney.  Josephthal & Company, unaware of the circumstances under which the certificate had been acquired, caused it to be sold and the proceeds credited to the account of Margaret Mahoney.  The defendant Gerold at that time was a partner of the firm of Josephthal & Co., of which the defendant Pollak subsequently became a partner.

The plaintiff contended at the trial that, when the dishonest employee of Dean, Onativia & Co. had directed the purchase of the stock in the account which he maintained in the name of " John E. Edwards," he had credited a sufficient balance to that account by false entries on the books of Dean, Onativia & Co. to secure delivery of the certificate to himself.  If these were the facts, it seems not to be denied that the transaction constituted a conversion of the stock by the employee for which the plaintiff, as subrogee of Dean, Onativia & Co., could maintain an action against Josephthal & Company.

The judgment, however, must be reversed and a new trial granted because the plaintiff offered in evidence at the trial and expressly admitted those allegations of the defendants' answers, which assert that the employee of Dean, Onativia & Co. " maintained an account with said firm in the name of ' John E. Edwards ' " and that he

had purchased the shares " *with funds to the credit of said account.*" Upon that state of facts there was no conversion of the stock, even though the account was maintained and the shares purchased in an assumed name. Title would then have passed to the employee purchasing the stock with his own funds whatever might have been the name he had assumed. (*Eastern Exchange Bank* v. *F. & D. Co.*, 245 N. Y. 340; *Phelps* v. *McQuade*, 220 id. 232; *Strang* v. *Westchester County National Bank*, 235 id. 68.) These express admissions made by the plaintiff at the trial must prevail over other evidence which it offered tending to establish a conversion of the stock. (*McKee* v. *Bernheim*, 130 App. Div. 424; affd., 198 N. Y. 575; *Quinby* v. *Carhart*, 133 id. 579; *Horan* v. *Hastorf*, 223 id. 490.)

At this time we do not rule on the effect or conclusiveness of these admissions on a new trial nor upon the other questions presented by the appeal.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.