AMERICAN SURETY COMPANY OF NEW YORK, Respondent, *v.* NICOLAS J. GEROLD and BERNARD E. POLLAK, Appellants, Impleaded with Others, etc., Defendants.

First Department, November 4, 1938.

*Leo J. Rosett* of counsel [*Joseph Fischer* with him on the brief; *House, Grossman, Vorhaus & Hemley*, attorneys], for the appellants.

*Gerald Morrell* of counsel [*Stanley R. Wayne* with him on the brief], for the respondent.

UNTERMYER, J.   The plaintiff had issued to Dean, Onativia & Co., a firm of stockbrokers, bonds or policies insuring against loss by theft.   These policies contained the following provision: " In case of recovery, whether made by the Insured or the Underwriter, on account of any loss hereunder, from any source other than insurance or suretyship, the net amount of such recovery, less the actual costs and expenses of making same, shall be applied to reimburse the Insured in full for such loss, and the excess, if any, shall be paid to the Underwriter, and the Insured shall execute all necessary papers to secure to the Underwriter the rights herein provided for."

On October 3, 1926, while these policies were in effect, certain dishonest employees of Dean, Onativia & Co., as the plaintiff claims, placed an order with that firm in the fictitious name of " John E. Edwards," to purchase 100 shares of Standard Oil Company of California stock.   These employees then procured delivery of the certificate by means of false entries on the books of the firm showing a sufficient credit in favor of " John E. Edwards." After the certificate had been transferred into the name of " John E. Edwards," it was indorsed and delivered to the defendant Josephthal & Co., for the credit of an account maintained in the name of Margaret Mahoney.   Josephthal & Co., unaware of the circumstances surrounding the acquisition of the certificate, caused it to be sold and the proceeds credited to the account of Margaret Mahoney.

Dean, Onativia & Co. filed with the plaintiff five proofs of claim, totaling $99,216.62, under their policies, including a claim for $6,100 in relation to the 100 shares of Standard Oil Company of California stock, which is the subject of the present litigation.   Three actions thereafter instituted upon these claims were consolidated and the consolidated action for $99,216.62 was settled by a single payment to Dean, Onativia & Co. of $61,750.   In the settlement the bonds or policies were returned and canceled and a release was delivered by Dean, Onativia & Co. to the plaintiff.   The plaintiff then instituted this action as subrogee of Dean, Onativia & Co., for it is conceded that the claim against Josephthal & Co. was never assigned to the plaintiff.

An earlier trial resulted in a judgment in favor of the plaintiff, which was reversed by this court (252 App. Div. 317). The reversal was upon the ground that the plaintiff had expressly admitted allegations of the defendants' answers that the dishonest employee though acting under an assumed name, had purchased the 100 shares of Standard Oil Company of California stock with funds to the credit of his account. At that time we refrained from deciding any of the other questions presented by the appeal. On the present trial the court, by order, relieved the plaintiff from the effect of the admissions which the plaintiff contended had been inadvertently made.

The first question which confronts us, even if we assume all other issues to have been correctly decided in favor of the plaintiff, is the right of the plaintiff to maintain the action as subrogee of Dean, Onativia & Co. In the consideration of that question it is to be remembered that the plaintiff has failed to establish that it paid in full the losses sustained by Dean, Onativia & Co. arising out of this series of misappropriations. The total losses claimed were $99,216.62. The payment was only $61,750. Dean, Onativia & Co., therefore, may, even now, have sustained a loss of $37,466.62, for which they have not been compensated by the plaintiff. Accordingly under the provisions of the policies as well as under general principles of the law of suretyship, that firm, rather than the plaintiff, would be in a position to assert against third parties such claims as may exist. (*Hanlon* v. *Union Bank of Medina*, 247 N. Y. 389; *Northwestern Fire & Marine Ins. Co.* v. *Ley & Co., Inc.*, 238 App. Div. 255; affd., 264 N. Y. 427.) The case falls directly within the familiar rule that no right of subrogation arises in favor of a surety or indemnitor unless the loss of the principal has been paid in full. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92; *American Surety Co.* v. *National Bank*, 17 F. [2d] 942; *United States Fidelity & G. Co.* v. *Union Bank & T. Co.*, 228 Fed. 448.) It is necessary here to distinguish between the discharge by the surety of its obligation to the principal and complete satisfaction of the cause of action in favor of the principal against third parties.

It is suggested that we must assume that the payment of $61,750 on account of claims aggregating $99,216.62 has satisfied in full this particular loss amounting to $6,100, even if, to do so, we reduce the proportionate payments on the remaining claims which have been asserted under the policies. The plaintiff, however, on whom rested the burden of establishing its right of subrogation, failed to offer any evidence which would justify such an inference. (Compare *Costello* v. *N. Y. C. & H. R. R. R. Co.*, 238 N. Y. 240.) In the absence of evidence to that effect the natural inference would be that payment had been made *pro rata* on each of the claims.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event. The order brought up for review relieving plaintiff from concessions made on the first trial should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event. Order brought up for review relieving plaintiff from concessions made on the first trial affirmed. Settle order on notice.