AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff, *v.* NICOLAS J. GEROLD and Others, Individually and as Copartners Doing Business as JOSEPHTHAL & COMPANY, Defendants.

Supreme Court, Trial Term, New York County, June 7, 1939.

*Gerald Morrell,* for the plaintiff.

*House, Grossman, Vorhaus & Hemley* [*Leo J. Rosett* of counsel], for the defendants.

BERNSTEIN, J. Early in October, 1926, certain employees of Dean, Onativia & Co., a firm of stockbrokers, converted funds of that firm and caused to be bought therewith a certificate of

stock representing 100 shares of Standard Oil Company of California, a Delaware corporation, valued at $6,055. The certificate was issued in the name of " John E. Edwards," a fictitious name used by these employees for the purpose. On October 8, 1926, this certificate was received by the defendants, another stock brokerage firm trading as Josephthal & Company, and was credited to the account of one of their customers, Margaret Mahoney. It was then sold by the defendants for Mrs. Mahoney's account and the proceeds were paid over to her a few days later. Five months after this transaction the defendants were first advised of the circumstances under which the certificate had been obtained, and they thereupon refused to pay Mrs. Mahoney a balance of $5,699.64 then remaining as a credit in her trading account.

An investigation of the affairs of Dean, Onativia & Co. had meanwhile disclosed large scale thefts by their said employees, and they made claim for losses aggregating $99,216.62 against the plaintiff as their insurer under four suretyship bonds. A refusal to pay the amount claimed led to an action by Dean, Onativia & Co. against this plaintiff which, in June, 1930, was settled during trial by the payment of $61,750.

In November, 1930, Mrs. Mahoney brought suit against these defendants for the credit balance of her trading account theretofore withheld by them, and on February 3, 1931, such suit was adjusted by the payment by these defendants of $750 to Mrs. Mahoney and of $5,275.17 to Rosenbaum Grain Corporation, as assignee of Dean, Onativia & Co.

The plaintiff, claiming by right of subrogation under its bonds, has brought this action against the defendants for $6,055 damages for the conversion of the stock certificate. Since the stock is that of a corporation organized under the laws of the State of Delaware, which has not adopted the uniform stock transfer provisions of our Personal Property Law, such action is maintainable under common-law principles which protect the true owner of a stock certificate against divestment of title by theft followed by negotiation and transfer to a *bona fide* purchaser. (*Pierpoint* v. *Hoyt*, 260 N. Y. 26; *United States Fidelity & Guaranty Co.* v. *Newburger*, 263 id. 16; *National Surety Co.* v. *Indemnity Ins. Co.*, 237 App. Div. 485; *Rand* v. *Hercules Powder Co.*, 129 Misc. 891.)

This is the third trial of this action. A judgment in favor of the plaintiff was first reversed because of a concession which in effect negatived conversion. (252 App. Div. 317.) A second judgment in its favor, resulting from its being relieved of such concession, was again reversed because of its failure to introduce proof of full payment of the losses sustained by Dean, Onativia & Co., an essential to its right of subrogation. (255 App. Div. 285.)

The plaintiff's claim does not rest on an assignment of Dean, Onativia & Co.'s claims against third parties, but on a right of subrogation arising from the provisions of the bonds themselves (¶ 7) and the general principles of the law of suretyship. To establish this right the plaintiff was required to sustain the burden of proving that it had paid its insured's losses in full. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92, 95; *Costello* v. *New York Central & H. R. R. R. Co.*, 238 id. 240.) The plaintiff directed its efforts on this third trial to sustaining this burden.

Under its primary bonds the plaintiff undertook to cover losses suffered by its insured after April 6, 1926. Under superseded riders attached to the bonds it undertook also to cover losses suffered under prior bonds issued by the Fidelity and Deposit Company and which might have been discovered after the expiration of the time limit therein specified. It was a dispute as to whether all the items of Dean, Onativia & Co.'s claim of $99.216.22 came within the coverage of the plaintiff's bonds and riders that led to the suit between them and the settlement referred to. But such settlement of this claim of $99,216.22 by a payment of $61,750 in a lump sum, without regard to the specific items claimed or disputed, could not, under the authorities, be said to have effected a discharge of the whole debt. (*Hanlon* v. *Union Bank*, 247 N. Y. 389; *Northwestern Fire & Marine Ins. Co.* v. *Ley*, 238 App. Div. 255; affd., 264 N. Y. 427.)

Recognizing the force of these authorities, the plaintiff, on this trial, submitted evidence *de novo* tending to establish that the losses for which it was accountable on its bonds aggregated only $52,414.73, or less than the amount of $61,750 paid in settlement. This evidence, however, was met and overcome by the more reliable and convincing proof of the defendants that Dean, Onativia & Co.'s losses were actually $99,216.22, and that the adjustment fell short of full payment and satisfaction.

On the entire case, therefore, I find that the plaintiff has not sustained the burden of proof required of it to establish its right of subrogation, and I direct judgment for the defendants.