34 So.2d 683

## CLARK v. AUSTIN.

### 4 Div. 436.

Supreme Court of Alabama.

April 8, 1948.

408

J. W. Brassell and A. L. Patterson, both of Phenix City, for appellant.

W. R. Belcher and Smith & Smith, all of Phenix City, for appellee.

SIMPSON, Justice.

This is the second appeal in a common law action of assumpsit against H. R. Mathews, Jr., Sheriff of Russell County, Alabama, to recover $2200 held by him pending the outcome of a robbery prosecution against appellee. The first appeal is reported in 247 Ala. 560, 25 So.2d 415. On remandment, after the former appeal, the cause was retried and Austin won a recovery.

Mathews invoked the provisions of § 1179, Title 7, Code 1940, by depositing the sum in court and filing an affidavit in the cause stating that Clark, appellant here, not a party to the suit and without collusion with him, claimed the money in controversy. Thereupon Clark, on receiving notice, interpleaded and the cause proceeded to trial between Austin and Clark.

The evidence was in direct conflict. Austin contended that he won the $2200 from one Vick Dunn in a gambling game at Clark's store and Clark claimed that Austin robbed him of the money at his store when he was making change of a $100 bill for Austin.

The main contention of appellant here is that the court erroneously refused the general affirmative charge requested by him. The insistence is without merit. There was just one issue in the case and that was the title to the money and the jury decided in favor of Austin, whose evidence tended to establish this fact. The question being a controverted one and the evidence being in conflict, the matter was properly submitted to the jury and was not the subject of an affirmative charge. Chevrolet Motor Co. v. Commercial Credit Co., 214 Ala. 433(3), 108 So. 248; Poole v. Fletcher, 233 Ala. 54, 169 So. 868; Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621; 18 Alabama Digest Trial, ☞ 139(1).

The theory on which appellant invites error in the refusal to him by the trial court of the general affirmative charge seems to be that, since Austin claimed to have won the money in a gambling game, appellant was entitled to recover it by reason of § 44, Title 9, Code 1940, which provides:

"All contracts, founded in whole or in part, on a gambling consideration, are void; and any person who has paid any money, or delivered any thing of value lost upon any game or wager, may recover such money, thing or its value, by action commenced within six months from the time of such payment or delivery."

This contention is untenable, because under no aspect of the evidence could it be said that Clark lost any money by gambling. He and no one else so contended. The al-

leged gambling transaction was between appellee and Dunn. Whatever rights Dunn might have had under the provisions of the statute could not avail Clark. The issue in this interpleader was whether or not Clark owned title to the money. The jury decided against Clark's contention and this concluded his rights in the matter. Whatever justiciable issues might have existed between Austin and Dunn could not be invoked by Clark in this interpleader proceeding.

The other assignment asserts error in the refusal of the trial court to grant the plaintiff's motion for a new trial. There were only three grounds in the motion, the first of which we have disposed of above. Ground number 2 averred that "the verdict of the jury was contrary to law and to the charge of the court." This ground is too general to be considered. The errors of law complained of and in what respect the verdict ignored such legal principles must have been specifically pointed out that the court's attention may be directed to them. Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456; Moneagle & Co. v. Livingston, 150 Ala. 562, 43 So. 840.

The remaining ground in the motion for new trial was that "the verdict of the jury was contrary to all the evidence in the case." As indicated above, this ground is likewise unsustainable. At most this averment would only present for review the question of whether the preponderance of the evidence was so decidedly against the verdict, after allowing all due presumptions in favor of its correctness, as to clearly convince the court that it was wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738. We are not so convinced. As observed, the evidence was in strict conflict. The case was purely one for decision of the jury and there is no warrant for our overturning the verdict here.

Our conclusion is that the judgment is due to be affirmed and it is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.