101 So.2d 546

**Floyd W. STATHEM, for the use and benefit of Service Fire Insurance Company of New York,**

v.

**W. E. FERRELL, d/b/a Ferrell Motors.**

**1 Div. 747.**

Supreme Court of Alabama.

March 20, 1958.

Irvin J. Langford, Mobile, for appellant.

Caffey, Gallalee & Caffey, Mobile, for appellee.

LAWSON, Justice.

■■ This is an action in trover by the appellant against appellee for damages for the conversion of "One 1953 Ford automobile, Motor No. B3AV139817, the property of the plaintiff." The case went to the jury on the single count of the complaint, which was in Code form, and the plea of the general issue. The jury found in favor of defendant and judgment in accord with the jury's verdict was duly entered. There was no motion for new trial.

There are five assignments of error. By the fourth assignment, appellant complains of a statement made by the trial court concerning the reason for refusing the affirmative instructions requested by the appellant, the plaintiff below. When the record is construed most favorably to the successful party below, it is made to appear that the statement complained of was made outside the presence of the jury and that the exception which appears was made to the refusal of the trial court to give the affirmative instructions requested by the appellant, rather than to the statement made by the court concerning his reason for refusing those instructions. Appellant has the burden of showing reversible error. National Life & Accident Ins. Co. v. Baker, 226 Ala.

501, 147 So. 427. The record on appeal must be construed most favorably to the successful party below. Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553. Reversible error is not made to appear by the fourth assignment of error.

■ No exception was reserved to any part of the oral charge of the trial court. Hence, the fifth assignment of error which challenges the correctness of a part of the oral charge is without merit. First National Life Ins. Co. of America v. Wiginton, 224 Ala. 575, 141 So. 245.

■ Assignments of error 1, 2 and 3 are based on the trial court's refusal of affirmative instructions requested in writing by the appellant. In considering this action of the trial court we must view the entire evidence in its most favorable aspect for the appellee and must allow such reasonable inferences as the jury was free to draw, not inferences which we may think the more probable. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224; Aircraft Sales & Service, Inc., v. Gantt, 255 Ala. 508, 52 So.2d 388; Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530; Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331.

Viewing the evidence most favorably for the appellee, the defendant below, the following material facts appear.

The automobile was sold as a new automobile on August 13, 1953, by East Point Ford Motor Company of East Point, Georgia. The bill of sale was made to Floyd W. Stathem, who made a down payment and executed a written instrument under the terms of which the title to the automobile was to remain in the seller, its transferee or assignee until the full purchase price was paid. This written instrument, sometimes referred to in the testimony as a conditional sales contract, was transferred and assigned to a finance company. The sales price was $2,570.07, which included the cost of theft insurance which was carried by Service Fire Insurance Company of New York.

The automobile in question was driven to appellee's place of business in Mobile, Alabama, on the morning of August 14, 1953, by one A. S. George, a resident of Atlanta, Fulton County, Georgia. George was accompanied by a salesman for another Mobile automobile concern, who introduced George to appellee. George claimed to be the owner of the automobile and exhibited to appellant a paper which he represented to be his bill of sale from Richardson Motors. The so-called bill of sale appears to have been executed before a notary public in Fulton County, Georgia, on August 13, 1953. Appellee paid George the sum of $2,100 for the automobile and obtained a "bill of sale" from George. It later developed that there was no such concern as Richardson Motors. The automobile remained on appellee's "yard" from August 14, 1953, until September 10, 1953, when appellee sold it to a person not here involved.

On October 6, 1953, Floyd W. Stathem or his attorney, acting on his behalf, wrote a letter to Service Fire Insurance Company of New York, which reads:

"Gentlemen:

"I report to you loss of one 1953 Ford Victoria Sedan, motor No. 139817, your policy number is 89660–5–3102.

"This car was purchased by me from the East Point Ford Co., East Point, Ga., on Aug. 13, 1953 at a total sales price of $2570.07. The reasonable cash value of this car at the time of the loss would be approximately $2275.00.

"I am this day reporting the loss of this car to the Atlanta Police Department. The car was bought for pleasure and business. The last time I saw this car was about the 10th of September, 1953. It was in the possession of Mr. A. S. George. I loaned him the car until he could have his car repaired.

"I did not know anything had happened to my car until on or about September 16th, 1953, when I learned on this date that Mr. George had committed suicide. I have been unable to locate my car anywhere. I did not carry any other insurance on this automobile. This car was financed by Universal C. I. T. Credit Corp. of Atlanta, Ga., and the loss is payable under this policy to this company. If there is anything else for me to do to comply with the terms of your policy, please notify me."

Service Fire Insurance Company of New York, hereafter referred to sometimes as the insurance company, did not make payment until on or about April 16, 1954, on which date Stathem signed the following statement:

"Georgia
Fulton County

"For and in consideration of the sum of Two Thousand One Hundred and Twenty-Nine and 98/100 Dollars ($2,129.98) cash in hand paid by Service Fire Insurance Company of New York, receipt whereof is hereby acknowledged, I hereby release and forever discharge said Service Fire Insurance Company of New York of and from any and all claims, demands, rights and causes of action which I have or may have against it on account of and in any way respecting my suit against it, No. 366163, in the Civil Court of Fulton County, Georgia, and the policy of insurance referred to therein, being Policy No. 89660–5–3102 of said Service Fire Insurance Company of New York, covering 1953 Ford Victoria Sedan automobile, Motor No. 139817.

"For the same consideration, I agree to dismiss the aforesaid suit, the court costs to be paid by defendant.

"For the same consideration I hereby sell, transfer and assign unto said Service Fire Insurance Company of New York all my right, title, equity and interest in and to the aforesaid automobile, and all claims, demands,

rights and causes of action I have or may have against all persons, firms, corporations whomsoever on account of and in any way respecting said automobile, and especially the conversion thereof; said automobile being my property and having been stolen from me on or about September 15, 1953."

The amount of money received from the insurance company was used by Stathem to pay the balance due the finance company.

On October 21, 1954, a suit claiming damages of appellee for the conversion of the automobile was filed in the circuit court of Mobile County. In the caption of the complaint, plaintiff was styled: "Floyd W. Stathem for the benefit of Service Fire Insurance Company of New York, a corporation."

Interrogatories propounded to Stathem were served on counsel who represented the plaintiff. Stathem did not answer the interrogatories and counsel for Ferrell, the defendant below, the appellee here, moved to dismiss the suit. Thereafter, an agent of the insurance company sought to answer the interrogatories for Stathem, saying in part: "Further witness states that he is making response to the above interrogatories on the grounds that Plaintiff, Floyd W. Stathem is presently out of town, and it has been impossible to contact him to have him make response to the interrogatories propounded herein."

On August 22, 1955, on motion of "plaintiff" a judgment of nonsuit was entered.

The instant suit was filed on October 6, 1955. The complaint is in the same language as that filed on October 21, 1954, in which the nonsuit was taken.

■ The assignment which Stathem executed on April 16, 1954, actually added nothing to the insurance company's right to proceed against any person who may have converted the automobile, for it is the settled law of this state, as elsewhere, that an insurer carrying the risk of loss from the tortious act of a third person, is upon payment of such loss subrogated to the cause of action of the insured, and may sue in the name of the insured for the benefit of the insurer. The insurer is the real party in interest. Fidelity & Guaranty Fire Corp., Baltimore v. Silver Fleet Motor Express, 242 Ala. 559, 7 So.2d 290, and cases cited; Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331.

■ The insistence of the appellant, the insurance company, is that the undisputed evidence in this case shows that Stathem loaned the automobile to George, who was to return it to Stathem within a few days, but George stole or converted the automobile to his use and then attempted to convey it to appellee. If appellant's contention as to the evidence is correct, then it was entitled to the affirmative charge. It is the settled law that as bailee George could not make a valid sale of the automobile, even to a bona fide purchaser who bought in ignorance of the vendor's want of title. McCall v. Powell, 64 Ala. 254; Commercial Credit Co. v. Chevrolet Motor Co., 22 Ala.App. 211, 114 So. 273. A person who has stolen the goods of another cannot pass any title thereto to another, whether such other knew, or did not know, that the goods were stolen. The thief and the purchaser are both guilty of a conversion and are liable in an action of trover to the owner. Geneva Gin & Storage Co. v. Rawls, 240 Ala. 320, 199 So. 734.

■ But we cannot agree with appellant's views as to the evidence. We are of the opinion that a jury question was presented as to whether or not the automobile was in fact bought for and delivered to George for his exclusive use by his friend Stathem. If such was the case then there was no conversion by George, and if there was no conversion the insurance company would not be entitled to recover, for it has no greater rights than Stathem would have had. See American Surety Co. of New York v. Gerold, 252 App.Div. 317, 299 N.Y.S. 219.

The great weight of the evidence is to the effect that the automobile was sold by East Point Ford Motor Company, which is located near Atlanta, Georgia, on August 13, 1953, and that it was delivered to the appellee in Mobile, Alabama, on the following morning. The evidence further tends to show that the automobile reached Mobile on the afternoon of August 13, 1953, so it appears that the automobile came into the hands of George within a very short time after it left the possession of East Point Ford Motor Company.

Stathem made no report to the insurance company until October 6, 1953, more than ten weeks after the automobile actually came into George's possession, although in his report to the insurance company Stathem stated that he last saw the automobile on or about September 10, 1953. In that report Stathem said in effect that the automobile was sold by East Point Ford Motor Company to him on August 13, 1953, and that he had loaned it to George until George could have his car repaired.

In his deposition which was taken later Stathem changed his story in several respects. He swore repeatedly that he did not buy the automobile on August 13, 1953, but on or about August 1st, and that he drove it almost daily for approximately two weeks before he turned it over to George so that the latter could take his girl friend on a trip to Florida. The jury would have been justified in finding that Stathem realized that it was incredible that he should buy a new car for his own use and then have put it into George's possession on the same day it was bought and hence changed his story as to the time of his so-called purchase.

Stathem admitted receiving a copy of the bill of sale, yet he did not have it in his possession at time he was examined. He did not have a copy of the insurance policy or the conditional sales contract.

The conflicts in Stathem's testimony, including his statements contained in certain of the exhibits, the fact that he had no copies of the title papers, his indifference for over ten weeks as to the whereabouts of the automobile, his failure to act in that connection until after he had learned of George's suicide, are circumstances which we think presented a jury question as to whether the trade for the automobile was not in fact George's trade, which George induced Stathem to sponsor because of George's poor credit rating, with the understanding that George would save Stathem harmless.

■ To support the action of trover there must be a concurrence of the right of property, general or special, and possession or an immediate right of possession. Long-Lewis Hardware Co. v. Abston, 235 Ala. 599, 180 So. 261, and cases cited.

In view of the tendencies of the evidence in this case, we cannot say that it appears conclusively as a matter of law that the appellant was entitled to recover in this case. Hence we hold the trial court did not err in refusing the affirmative instructions requested by appellant. See Story v. Robinson, 211 Ala. 163, 99 So. 917.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.