116 So.2d 746

### BLOUNT COUNTY

### v.

### Edgar McPHERSON et al.

### 6 Div. 454.

Supreme Court of Alabama.

Dec. 10, 1959.

Nash & NeSmith, Oneonta, for appellant.

Johnson & Randall, Oneonta, for appellees.

GOODWYN, Justice.

On December 19, 1956, Blount County, appellant, brought condemnation proceedings against appellee Edgar McPherson (among others) in the law and equity court of said county to acquire certain land for highway purposes. Commissioners were duly appointed to assess the damages and compensation. On January 31, 1957, the commissioners' report fixing $3,500 as the amount of compensation due said appellee was confirmed and an order of condemnation entered. On February 14, 1957, the county filed notice of appeal to the circuit court and demanded a jury trial. On February 15, 1957, the county filed its appeal bond and paid into the law and equity court the $3,500 awarded said appellee. The appeal bond recited that the county was "desirous that said judgment, or order of condemnation, be not suspended pending such appeal and desires to enter upon said lands for the uses and purposes stated in said application pending appeal." Appellee Edgar McPherson also appealed to the circuit court. The county went into possession

of the land in November, 1957. Appellee Grace McPherson was allowed by the circuit court to intervene in the proceedings. On March 23, 1959, the jury returned a verdict assessing appellees' damages and compensation at $5,500 plus 6% interest thereon from November, 1957. Judgment was rendered in accordance therewith fixing the total compensation at $5,940, which included interest in the amount of $440. The county's motion for a new trial being overruled, it brought this appeal from said judgment.

There are only two questions presented: I. One concerns the propriety of allowing interest on the award from the time the county took possession of the land until rendition of the judgment in the circuit court. II. The other concerns the overruling of appellant's objection to a question directed on cross-examination to one of appellant's witnesses as to what part the Federal government is paying in connection with this interstate highway project.

### I.

The trial court orally charged the jury that there should be added to the compensation assessed by the jury interest thereon at the rate of 6% per annum from the time the property was taken. No objection was interposed or exception taken to this charge. The jury returned a verdict in accordance with this instruction and judgment was rendered accordingly. No question is raised as to the form of the verdict or the judgment.

■ Since no objection was interposed or exception taken to the oral charge the question of the allowance of interest is not properly presented to us for review. Stathem v. Ferrell, 267 Ala. 333, 335, 101 So.2d 546; Boles v. Bonner, 267 Ala. 342, 343, 101 So.2d 544; Self v. Baker, 266 Ala. 572, 577, 98 So.2d 10; Lusk v. Wade, 259 Ala. 555, 556, 67 So.2d 805; McClelland v. Coston, 227 Ala. 267, 270, 149 So. 697; Sheffield Chamber of Commerce v. Hatch,

223 Ala. 237, 239, 135 So. 165; Geter v. Central Coal Company, 149 Ala. 578, 581, 43 So. 367; Stewart v. Guy, 138 Ala. 176, 177, 34 So. 1007; Abbott v. City of Mobile, 119 Ala. 595, 599, 24 So. 565; Alabama Great Southern Railroad Co. v. Tapia, 94 Ala. 226, 230, 10 So. 236. As said in Geter v. Central Coal Company, supra:

"It does not appear that plaintiff reserved an exception to the charge of the court, and unless this was done he must be regarded as having waived all objections he may have had to it. He will not be allowed to speculate upon its effect upon the jury. He could not await their verdict, and, in the event it is adverse to him, complain that he was prejudiced by the charge, when he made no objection to it. The attempt to cure the omission of reserving an exception, if the charge was esteemed to be erroneous and prejudicial, by a motion for a new trial, must be regarded as wholly ineffectual. Such is not the office of a motion. In other words, a motion for a new trial cannot take the place of an exception, which could and should be properly reserved during the trial. * * *" [149 Ala. 578, 43 So. 368.]

We point out that the cases of Southern Electric Generating Co. v. Lance, Ala., 110 So.2d 627, 634(18),[1] and State v. Moore, Ala., 110 So.2d 635, 638–639(9),[2] relied on by appellant, have to do with the awarding of interest on a judgment in a condemnation case from which an appeal has been taken to this court. That is not the situation here.

### II.

■ One of the grounds of the motion for a new trial was that the court, "over timely objection by the petitioner, permitted the introduction of illegal evidence as to the alleged damages." This must be the ground relied on to support the assignment of error concerning the admission of evidence as to what portion of the cost of the

1. 269 Ala. 25.

2. 269 Ala. 20.

highway project was being paid by the Federal government. We find no other ground of the motion bearing on this question. Clearly, the stated ground is altogether too general to support the assignment of error. Supreme Court Rule 1, 261 Ala. XIX, Code 1940, Tit. 7, 1955 Cum. Pocket Part, Appendix, p. 220.

Finding no error to reverse, the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.