HOLMES, Judge.
This is an appeal from the denial of a motion for relief from judgment pursuant to Alabama Rule of Civil Procedure 60(b) and from the denial of a motion to set aside a writ of garnishment.
The trial court refused to set aside a default judgment rendered against the appellant, father of the child for whom the support is sought to be enforced. We affirm.
The mother filed a petition pursuant to Alabama Uniform Reciprocal Enforcement of Support Act, seeking $8,575 in child support arrearages. Thereafter, the trial court entered a judgment against the father for $8,575. The order of the trial court states that the matter was heard and that “summons was served” upon the father. Apparently, the father was not present at these proceedings.
Thereafter, a writ of garnishment was issued to the father’s employer. The father responded by filing a rule 60(b) motion. The father’s motion alleged that there had been “no service of process” perfected on the father. The father also filed a motion to set aside the writ of garnishment. This motion was bottomed on the same premise as the rule 60(b) motion.
Neither of the father’s motions was accompanied by affidavits. There was no proof offered regarding the lack of service. The record before this court in no way reveals whether or not service was accomplished on the father.
The trial court’s order denying the father’s motion is as follows: “The Motion to Set Aside the Writ of Garnishment in this cause is denied and the Motion for Relief from Judgment is denied.”
The record does contain arguments of counsel regarding insufficient service of process. However, clearly this is not proof.
Needless to say, an appellant has the burden of showing reversible error. Stathem v. Ferrell, 267 Ala. 333, 335, 101 So.2d 546, 547 (1958).
Furthermore, “[i]n order to obtain relief under 60(b), the movant must allege and prove one of the grounds set out under the rules.” Wilson v. Crosby Lumber Co., 386 So.2d 1173, 1175 (Ala.Civ.App.1980). See Raine v. First Western Bank, 362 So.2d 846, 848 (Ala.1978) (emphasis added).
*192 In this instance, the record does not reveal reversible error and the movant has not proved error. This court cannot presume error.
Appellant argues that the default judgment was void because the pending action for reciprocal enforcement of support was dismissed prior to the default judgment being entered. The record, however, indicates motion to dismiss the reciprocity action only in Georgia. Furthermore, the record indicates that the motion to dismiss, default judgment, and writ of garnishment were entered contemporaneously.
Finally, appellant argues that writ of garnishment in Alabama is not enforceable without reducing the original child support decree of a foreign jurisdiction to an Alabama judgment. Again, we cannot determine from the record whether the trial court did or did not reduce the arrearage to an Alabama judgment.
The record reveals only that the trial court heard testimony regarding child support arrearages and entered a judgment.
We note that in view of the above we need not resolve the question of whether a foreign judgment need be reduced to an Alabama judgment prior to garnishment. However, see Ex parte Morgan, 440 So.2d 1069, 1072 (Ala.), on remand sub nom. Moates v. Morgan, 440 So.2d 1073 (Ala.Civ.App.1983).
It is the policy of this court to decide appeals on their merits whenever possible. Wesley v. Brandon, 419 So.2d 257, 259 (Ala.Civ.App.1982). However, in view of the record before this court we have no alternative but to affirm the trial court’s denial of motion for relief from judgment and denial of motion to set aside a writ of garnishment.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.